**COMMONWEALTH of Pennsylvania,**
**Appellee**

**v.**

**Frank D. SABULA, Appellant.**

Superior Court of Pennsylvania.

Submitted April 9, 2012.

Filed June 13, 2012.

Jack W. Connor, Uniontown, for appellant.

Jack R. Heneks, Jr., Assistant District Attorney, Uniontown, for Commonwealth, appellee.

BEFORE: MUNDY, OLSON, and COLVILLE,* JJ.

OPINION BY MUNDY, J.:

Appellant, Frank D. Sabula, appeals from the portion of the trial court's June 13, 2011 order, dismissing his pretrial motion to enforce a pre-arrest agreement by the Commonwealth not to prosecute Appellant on the instant charges. Because we determine the challenged portion of the order is not appealable as a collateral order, we quash the appeal.

The record discloses the following factual and procedural history. On July 27, 2010, Appellant, a suspect in a Fayette County Drug Task Force investigation, was the target in a controlled buy with a confidential informant. During the transaction, police arrested Appellant, and he

and his vehicle were searched. The searches yielded quantities of heroin packaged for sale and various items of drug paraphernalia. During subsequent interrogations, Appellant made several inculpatory oral and written statements.

At the conclusion of the officer's investigation in this case, Officer [Ryan] Reese talked with the [Appellant] about possibly securing his cooperation as an informant to set up his drug supplier and to have his supplier deliver a pound of heroin to Fayette County, Pennsylvania. Officer Reese agreed that if [Appellant] could arrange to have his drug supplier make a delivery of a pound of heroin to Connellsville in a police controlled transfer, he would not file charges against [Appellant] in the present case.

Prior to entering into this agreement Reese did not speak with the District Attorney and did not obtain the District Attorney's authorization to make the agreement.

According to Detective Reese, [Appellant] set up a bogus transaction in which he arranged for an individual, who was not [Appellant's] drug supplier, to make a delivery to Connellsville.

\* \* \*

[On December 21, 2010, h]aving determined that [Appellant] failed to comply with the agreement, Detective Reese filed a criminal complaint charging [Appellant] with the current charges arising out of the incident which occurred on July 21, 2010.

Trial Court Opinion, 9/16/11, at 5–6 (citations omitted).

Appellant was charged with delivery of a controlled substance (1.7 grams of heroin),

\* Retired Senior Judge assigned to the Superior Court.

possession of a controlled substance with intent to deliver (28.5 grams of heroin), possession of a controlled substance (28.5 grams of heroin), and possession of drug paraphernalia.[1] On January 27, 2011, following a preliminary hearing, the charges were bound over to the Court of Common Pleas. On April 15, 2011, Appellant filed an omnibus pretrial motion, in which he sought, *inter alia*, an order "directing the Commonwealth to honor the terms of its oral commitment not to file criminal charges based upon [Appellant's] cooperation and [to] *nolle prosequi* all outstanding charges filed herein."[2] Appellant's Omnibus Pretrial Motion, 4/15/11, at 5. A hearing on the omnibus pretrial motion was held on May 17, 2011. On June 13, 2011, the trial court denied all of Appellant's pretrial motions. On July 13, 2011, Appellant filed a notice of appeal from the portion of the June 13, 2011 order that denied Appellant's motion to enforce the pre-arrest agreement.[3]

Appellant raises the following two issues for our consideration.

1. Whether the instant appeal is ripe for review before this Honorable Court pursuant to Pa. R.A.P. No. 313 (a) as the instant issue is wholly collateral to the underlying charges, involves rights of [A]ppellant to [sic] important to deny immediate, appellant [sic] review which will be irreparably lost should immediate review not be afforded?

2. Whether the lower court erred in refusing to enforce the pre-arrest

agreement between [A]ppellant and the Commonwealth providing for [A]ppellant to cooperate with the Commonwealth in arranging a large drug transaction in exchange for which the Commonwealth would not file charges against [A]ppellant?

Appellant's Brief at 6.

Appellant first addresses the appealability of the trial court's June 13, 2011 order, denying his motion to enforce the parties' pre-arrest agreement. "The appealability of an order directly implicates the jurisdiction of the court asked to review the order." *Commonwealth v. Brister*, 16 A.3d 530, 533 (Pa.Super.2011) (citation omitted). Instantly, Appellant recognizes that the June 13, 2011 order is not a final order, but he avers that the order is nevertheless appealable as a collateral order. Appellant's Brief at 12. Neither the trial court in its Rule 1925(a) opinion nor the Commonwealth in its appellate brief addresses this issue. However,

> [r]egardless of the parties' agreement as to the appealability of the challenged order, whether an order is appealable as a collateral order under Rule 313 is an issue of [an appellate court's] jurisdiction to entertain an appeal of such an order. Therefore, [the appellate court] must make an independent determination as to whether the order is appealable pursuant to Rule 313.

*Commonwealth v. Kennedy*, 583 Pa. 208, 876 A.2d 939, 943 (2005). The issue here

---

1. 35 P.S. §§ 780–113(a)(30), (a)(30), (a)(16), and (a)(32), respectively.

2. Appellant's omnibus pretrial motion also sought habeas corpus review of the *prima facie* case, dismissal based on lack of probable cause for arrest, and suppression of various statements and items seized. Appellant's Omnibus Pretrial Motion, 4/15/11. The trial

court's ruling on these portions of the omnibus pretrial motion are not the subject of this appeal.

3. Appellant and the trial court have complied with Pa.R.A.P.1925.

presented is whether a trial court's order denying a motion to compel a pre-arrest or pre-charge agreement between the Commonwealth and a defendant, alleging a breach of a promise not to prosecute, is an appealable collateral order under Pa. R.A.P. 313.[4] This issue appears to be one of first impression in this Commonwealth. We note, "the collateral order rule's three-pronged test must be applied independently to each distinct legal issue over which an appellate court is asked to assert jurisdiction pursuant to Rule 313." *Rae v. Pennsylvania Funeral Directors Ass'n*, 602 Pa. 65, 977 A.2d 1121, 1130 (2009).

■ Our Supreme Court articulated, in the following manner, the requirements that an order must meet to qualify as an appealable collateral order.

With limited exceptions, Pennsylvania law permits only appeals from final orders. *See* Pa.R.A.P. 341 ("[A]n appeal may be taken as of right from any final order."). Final orders are those that dispose of all claims and all parties, are explicitly defined as final orders by statute, or are certified as final orders by the trial court or other reviewing body. However, Pennsylvania Rule of Appellate Procedure 313(b) permits a party to take an immediate appeal as of right from an otherwise unappealable interlocutory order if the order meets three requirements: (1) the order must be separable from, and collateral to, the main cause of action; (2) the right involved must be too important to be denied review; and (3) the question pre-

sented must be such that if review is postponed until after final judgment, the claim will be irreparably lost. Pa.R.A.P. 313(b). All three prongs of Rule 313(b) must be met before an order may be subject to a collateral appeal; otherwise, the appellate court lacks jurisdiction over the appeal.

*Commonwealth v. Harris*, 32 A.3d 243, 248 (Pa.2011). Additionally, "we construe the collateral order doctrine narrowly. In adopting a narrow construction, we endeavor to avoid piecemeal determinations and the consequent protraction of litigation." *Rae, supra* at 1129 (internal quotation and citations omitted). We proceed, therefore, to evaluate whether the instant order complies with the three requirements of Pa.R.A.P. 313(b), thus affording us the requisite jurisdiction to review it.

■ "With respect to the first listed requirement, an order is 'separable' from the main cause of action if it is capable of review without consideration of the main issue in the case." *Commonwealth v. Minich*, 4 A.3d 1063, 1067 (Pa.Super.2010). Appellant maintains that the instant order meets this requirement because "all of the acts and facts pertaining to the non-prosecution agreement have absolutely no relationship to the facts underlying the drug charges [A]ppellant is facing." Appellant's Brief at 13. We agree. A determination of whether the non-prosecution agreement is enforceable against the Commonwealth can be made "independent from an analysis of the merits of the underlying dispute," *i.e.*, Appellant's guilt or innocence of

---

4. Rule 313 provides as follows.
   **Rule 313. Collateral Orders**
   (a) **General rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.
   (b) **Definition.** A collateral order is an order separable from and collateral to the

main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Pa.R.A.P. 313.

the pending charges. *Kennedy, supra* at 943.

■ "With respect to the second of the aforesaid [requirements], it is not enough that the issue at hand be important only to the litigants. Rather, the issue must involve rights deeply embedded in public policy going beyond the specific litigation before the court." *Commonwealth v. Scarborough*, 9 A.3d 206, 211 (Pa.Super.2010) (citations omitted). Appellant avers that requiring the Commonwealth to adhere to its agreements implicates "fundamental fairness concerns, due process concerns and general, moral obligations" as recognized in our case law and applicable beyond the present parties and litigation. Appellant's Brief at 13. Once again, we agree. We have held that enforcement of agreements between a criminal defendant and the Commonwealth is a fundamental concern, "[b]ecause the integrity of the judicial system demands that the Commonwealth live up to its obligation." *Commonwealth v. Ginn*, 402 Pa.Super. 405, 587 A.2d 314, 316 (1991) (upholding nonprosecution agreement between defendant and Commonwealth), *see also Commonwealth v. Hemingway*, 13 A.3d 491, 500–501 (Pa.Super.2011) (holding Commonwealth is bound by pre-trial agreements). Accordingly, we conclude the rights implicated by Appellant's appeal are too important to be denied review. *See* Pa.R.A.P. 313(b).

■ We turn next to the third requirement for qualification as a collateral order, whether the claim will be lost if review is postponed. Appellant contends that the bargained for benefit, in the form of the Commonwealth's promise not to prosecute, included being free from the expense and ordeal of trial not merely being free from conviction. Appellant's Brief at 14. Appellant maintains that unless the trial court's denial of his motion to enforce the nonprosecution agreement is reviewed as a collateral order, he would

> in all likelihood be incarcerated, have to expend sizable, additional sums of money for legal representation, and, in all likelihood, remain in jail while the issue proceeds through the appellate courts. Conversely, if [A]ppellant is correct, and the agreement is enforced as was agreed upon, [A]ppellant would incur none of the losses. In sum, [A]ppellant respectfully submits that the "benefit of his bargain" will be irreparably lost should this Honorable Court not grant immediate review.

*Id.*

In accord with our narrow construction of the collateral order doctrine, we have described this third requirement for qualification as a collateral order as follows.

> There are few instances in which a criminal defendant may pursue an appeal prior to final judgment, *i.e.*, conviction and sentence. Only in exceptional circumstances do we permit departure from "the basic rule limiting an appeal to the review of a final judgment." Thus, the third prong of the collateral order rule maintains the orderly flow of appeals from the trial courts by limiting them only to those in which relief would otherwise be "irreparably lost." *See Keefer [v. Keefer*, 741 A.2d 808, 812 (Pa.Super.1999) ] (in order to satisfy the collateral order rule, an "interest or issue must actually disappear due to the processes of trial").

*Commonwealth v. Montgomery*, 799 A.2d 149, 153 (Pa.Super.2002) (one citation omitted).

■ Instantly, we view the consideration received by Appellant in his agree-

ment with the Commonwealth to be the avoidance of criminal sanctions for his alleged infractions in exchange for his cooperation in another investigation. The incidental consequences of the processes necessary to impose that criminal sanction were not at the heart of the agreement.[5] We have held that such procedural consequences do not satisfy the third prong of the collateral order test.

> To satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost. An interest or issue must actually disappear due to the processes of trial.

*Keefer v. Keefer,* 741 A.2d 808, 813 (Pa.Super.1999) (citations omitted), *disapproved on other grounds, Kincy v. Petro,* 606 Pa. 524, 2 A.3d 490 (2010).

■ Instantly, in light of the foregoing, we conclude the issue raised by the trial court's denial of Appellant's pre-trial motion to enforce a nonprosecution agree-

ment will not be irreparably lost if not reviewed as a collateral order. Here, any right Appellant has in the avoidance of criminal sanctions by virtue of his compliance with a nonprosecution agreement with the Commonwealth would be mooted in the event of an acquittal and would, in the event of conviction, be reviewable in an appeal from a final judgment of sentence.

■ Since the order in question failed to meet the third requirement for review as a collateral order, we lack jurisdiction to address this appeal. Accordingly, we quash the appeal as interlocutory.

Appeal quashed.

---

**5.** We recognize that the burden of prosecution, not just conviction, was considered to be a critical interest, justifying collateral review in a non-frivolous appeal from an order denying a motion to dismiss on the ground of double jeopardy. *See Commonwealth v. Brady,* 510 Pa. 336, 508 A.2d 286, 288 (1986). We decline to equate a defendant's interest in a nonprosecution agreement with his constitutionally protected interest against double jeopardy.