J-A26042-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| U.S. DRINKS, LLC AND THE LION BREWERY, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellants | |
| v. | |
| CLIFF RISELL | |
| Appellee | No. 156 MDA 2014 |

Appeal from the Order Entered December 26, 2013
In the Court of Common Pleas of Luzerne County
Civil Division at No(s): 2012-17237-0

BEFORE:  BOWES, J., MUNDY, J., and JENKINS, J.

MEMORANDUM BY JENKINS, J.:                **FILED AUGUST 26, 2014**

For the reasons set forth below, we quash this appeal.

U.S. Drinks and Lion Brewery (collectively "the companies") filed a civil action in the Court of Common Pleas of Luzerne County against Cliff Risell, their former president and CEO, alleging breach of contract, breach of fiduciary duty and tortious interference with contract.  Risell filed counterclaims against the companies for breach of his employment agreement, defamation and unjust enrichment.  Risell subsequently filed praecipes for writs to join Mark Henriques and Graham Lloyd as additional defendants on his counterclaim ("the joinder writs").  The companies filed a motion to strike the joinder writs.  In an order dated December 26, 2013, the trial court denied the companies' motion to strike.

1

On January 24, 2014, the companies appealed the order denying their motion to strike the joinder writs to this Court[1]. On June 20, 2014, Risell filed an application to quash the appeal. Several days later, the companies filed a response in opposition to the application to quash, claiming that they had the right to appeal under the collateral order doctrine embodied in Pa.R.A.P. 313.

An order is appealable if it is: (1) a final order, (2) an interlocutory order appealable by right or permission, or (3) a collateral order. ***Estate of Considine v. Wachovia Bank***, 966 A.2d 1148, 1151 (Pa. Super. 2009). The lone issue in this case is whether the companies have the right to appeal under the collateral order doctrine[2]. A collateral order is an order (1) separable from and collateral to the main cause of action (2) where the right

_____

[1] In addition to filing the notice of appeal, on January 24, 2014, the companies filed an application with the trial court requesting that it amend its December 26, 2013 order to include the statements specified by Pa.C.S. § 702(b), i.e, that this order involves a controlling question of law as to which there is substantial ground for difference of opinion, and that an immediate appeal from the order may materially advance the ultimate termination of the matter. On January 28, 2014, the lower court denied this application. On February 26, 2014, the companies filed a petition for review in this Court at 28 MDM 2014. On April 2, 2014, this Court denied the petition for review.

[2] The order denying the companies' motion to strike the joinder writs clearly is not a final order, ***see*** Pa.R.A.P. 341, or an interlocutory order appealable by right. ***See*** Pa.R.A.P. 311; ***see also Forrester v. Hansom***, 901 A.2d 548, 555 (Pa.Super.2006) (order granting motion for leave to file joinder complaint was not final, appealable order). Nor have the companies obtained permission to take an interlocutory appeal. ***See*** Pa.R.A.P. 1311.

involved is too important to be denied review and (3) the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost. Pa.R.A.P. 313. Courts must interpret this doctrine narrowly, and each of the three prongs must clearly be present for an order to be considered collateral. ***J.S. v. Whetzel***, 860 A.2d 1112, 1117 (Pa. Super. 2004).

The companies' appeal satisfies the first prong of the collateral order doctrine, separability. Our Supreme Court has adopted a "practical analysis" of this element which

> recognize[s] that some potential interrelationship between merits issues and the question sought to be raised in the interlocutory appeal is tolerable. . .[A] claim is sufficiently separate from the underlying issues for purposes of collateral order review if it 'is conceptually distinct from the merits of plaintiffs claim,' that is, where, even if 'practically intertwined with the merits, [it] nonetheless raises a question that is significantly different from the questions underlying plaintiff's claim on the merits.' "

***Pridgen v. Parker Hannifan Corp.***, 905 A.2d 422, 433 (Pa.2006) (citations omitted). The predominant question in this case is which party, if any, is liable for breach of contract, breach of fiduciary duty and/or other torts alleged in the pleadings. Whether Risell can join Henriques and Lloyd as additional defendants is a procedural issue under Pa.R.Civ.P. 2252(a) that is "sufficiently separate" from the substantive issue of liability.

The second prong of the collateral order doctrine is whether the issue is too important to be denied review. While the joinder issue might pose an interesting procedural wrinkle in isolated cases, it is not of real interest to the public. It is only important to the parties. Thus, it is not too important to be denied review. **Compare Pridgen** (issue of whether "rolling provision" of General Aviation Revitalization Act ("GARA"), which restarts 18-year repose period for replacement parts, applied to manufacturer and certificate holder of original aircraft engine, who did not manufacture the replacement parts that allegedly failed causing crash of general aviation aircraft, was too important to deny review of order denying manufacturer's summary judgment motion; federal policy of GARA was to ameliorate the impact of long-tail liability on declining American aviation industry to regenerate essential domestic aviation enterprises); **Yorty v. PJM Interconnection LLC**, 79 A.3d 655, 662 (Pa.Super.2013) (issue of whether regional transmission organization (RTO) was immune from negligence suit, pursuant to a tariff granted by Federal Energy Regulatory Commission (FERC), warranted review of denial of RTO's motion for summary judgment, under collateral order doctrine governing interlocutory appeals; federal interests were sufficiently important to justify intervention of appellate court in furtherance of policies of effective maintenance and cost control).

Lastly, the order striking the joinder writs does not satisfy the third prong of irreparable harm. "Orders that make a trial inconvenient for one

party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as [causing] irreparabl[e] los[s] [of an issue]. An interest or issue must actually disappear due to the processes of trial." **Commonwealth v. Sabula**, 46 A.3d 1287, 1293 (Pa.Super.2012) (Mundy, J.). For example, an interest such as immunity from suit may well disappear due to trial processes, because the purpose of immunity is to protect the defendant from going through trial in the first place. In this case, however, none of the companies' rights will evaporate due to trial processes. The companies will have the right to appeal the joinder issue upon entry of a final order under Rule 341, assuming the companies still desire to appeal at that time. While the companies might consider it inconvenient to postpone their appeal until a final order, perceived inconvenience is not equivalent to irreparable harm. Permitting this appeal would run afoul of the policy to interpret the collateral order doctrine narrowly to avoid swallowing the general rule that only final orders are appealable as of right. **Geniviva v. Frisk**, 725 A.2d 1209, 1214 (Pa.1999).

Since we conclude that the companies fail to satisfy the second and third prongs of the collateral order doctrine, we must quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>8/26/2014</u>