J-A08012-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| BRIAN DAVID SMITH, | |
| Appellant | No. 1644 MDA 2014 |

Appeal from the Order Entered September 11, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0005199-2013

BEFORE: SHOGAN, WECHT, and STRASSBURGER,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED APRIL 17, 2015**

Appellant, Brian David Smith, appeals from the order granting the Commonwealth's motion *in limine* to allow certain testimonial evidence at trial. For reasons that follow, we quash the appeal.

Appellant was charged with involuntary deviate sexual intercourse with a child, aggravated indecent assault, indecent exposure, corruption of minors, indecent assault and endangering the welfare of children arising from incidents involving S.D. The Commonwealth subsequently filed a notice under Pa.R.E. 404(b), indicating its intent to introduce evidence of prior crimes, wrongs, or acts: specifically, evidence of the circumstances surrounding Appellant's conviction of indecent assault in 1997. This

_____

[*] Retired Senior Judge assigned to the Superior Court.

evidence would consist of testimony from the victim in that case, K.S., concerning assaults committed upon her by Appellant when she was seven or eight years old. The Commonwealth also filed a motion *in limine* seeking a court ruling on the admissibility of this same evidence.

Following a hearing and submission of briefs, the trial court granted the Commonwealth's motion on September 11, 2014, ruling that the evidence was admissible. On September 30, 2014, Appellant filed a notice of appeal, a Pa.R.A.P. 1925(b) statement, and a motion to reconsider. The trial court subsequently denied the motion for reconsideration for lack of jurisdiction based upon the notice of appeal. The trial court issued an order dated October 27, 2014, dismissing[1] Appellant's notice of appeal on the basis that Appellant failed to timely file a Pa.R.A.P. 1925(b) statement,[2] and alternately, that the appeal was from an interlocutory order.

By order filed November 7, 2014, this Court ordered Appellant to show cause as to how this appeal satisfied the requirements of Pa.R.A.P. 313 and why the appeal should not be quashed as taken from an unappealable order. Appellant filed a response on November 24, 2014, in which he provided support for his assertion that the instant order was an appealable collateral

---

[1] We note that although the trial court judge stated that he was dismissing Appellant's notice of appeal, trial court judges are unable to dismiss a notice of appeal.

[2] As noted, Appellant filed a Pa.R.A.P. 1925(b) statement simultaneously with the notice of appeal.

J-A08012-15

order pursuant to Pa.R.A.P. 313. By order filed December 1, 2014, this Court discharged the show-cause order and referred the issue to the merits panel for consideration.

Appellant presents the following issues for our review:

1. "Did the Honorable Trial Court err in granting a Motion in Limine permitting testimony of K.S., concerning the sexual assault committed upon her sixteen years ago by the defendant in his present jury trial?"

2. "Will admission of this remote bad act evidence be more prejudicial than probative, and ultimately violate the defendant's right to due process?"

3. "If the bad act evidence is properly admitted, did the Honorable Trial Court err by not limiting introduction of K.S.'s testimony or by omitting a curative instruction for the jury?"

Appellant's Brief at 3 (*verbatim*).

Before addressing the merits of Appellant's claims, we must determine whether this matter is properly before us. "We do not have jurisdiction over non-appealable orders." **Commonwealth v. Frey**, 41 A.3d 605, 609 (Pa. Super. 2012). An order is appealable if it is: (1) a final order, **see** Pa.R.A.P. 341-342; (2) an interlocutory order appealable by right or permission, **see** 42 Pa.C.S. § 702(b); Pa.R.A.P. 311-312, 1311-1312; or (3) a collateral order, **see** Pa.R.A.P. 313. **See also Frey**, 41 A.3d at 609.

While Appellant does not address the appealability of the order before us in his appellate brief, he did so in his response to this Court's show-cause order. In it, Appellant argued that the order at issue is a collateral order, and as such, it is properly before us for review. Collateral Order Doctrine As

Applied To September 11, 2014 Order, 11/24/14, at 1-6. Appellant contends that the requisite three prongs of Pa.R.A.P. 313 have been met. *Id.* at 3-6.

Under Pa.R.A.P. 313(a), an appeal may be taken as of right from a collateral order of an administrative agency or lower court. Rule 313(b) permits a party to take an immediate appeal as of right from an otherwise unappealable interlocutory order if the order meets the three following requirements: 1) the order must be separable from and collateral to the main cause of action; 2) the right involved must be too important to be denied review; and 3) the question presented must be such that if review is postponed until after final judgment, the claim will be irreparably lost. Pa.R.A.P. 313(b); *Commonwealth v. Mitchell*, 72 A.3d 715, 718 (Pa. Super. 2013). "All three prongs of Rule 313(b) must be met before an order may be subject to a collateral appeal; otherwise, the appellate court lacks jurisdiction over the appeal." *Commonwealth v. Harris*, 32 A.3d 243, 248 (Pa. 2011). Additionally, "we construe the collateral order doctrine narrowly. In adopting a narrow construction, we endeavor to avoid piecemeal determinations and the consequent protraction of litigation." *Commonwealth v. Sabula*, 46 A.3d 1287, 1291 (Pa. Super. 2012).

Specifically, Appellant argues that the first element of separability is met because "the issue of having a prior victim testify at a defendant's current trial is absolutely separate from the merits of the currently charged

offense." Collateral Order Doctrine As Applied to September 11, 2014 Order, 11/24/14, at 3. Appellant maintains that whether Appellant is guilty of the instant charges is separable from the incident involving K.S.'s assault and her related testimony. *Id.* Appellant also contends that the second prong, requiring that the right is too important to be denied review, is met because the admissibility of this evidence impacts Appellant's right to due process and a fair trial. *Id.* at 4. Appellant asserts that it is critical that a criminal defendant "have appellate review of an order that may affect the outcome of a jury trial." *Id.* at 5. Appellant maintains that it is "more efficient, and fair to the accused to resolve these issues prior to the trial." *Id.* As to the third element, Appellant argues that it is met because postponement of review until final judgment will result in the claim being irreparably lost. *Id.* at 5. Once the trial commences and K.S. presents her testimony, the disclosure cannot be undone and review is moot, according to Appellant. *Id.* Appellant further contends that the cost to Appellant to defend himself at trial and on appeal following entry of a final order is "staggering," and as such, he should not have to wait until a final order has been entered to have this matter addressed. *Id.* at 5-6.

In the case *sub judice*, assuming *arguendo* that the first two elements are met, Appellant's claim fails to satisfy the third element. With regard to the third element, this Court has explained:

> To satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party

- 5 -

or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost. An interest or issue must actually disappear due to the processes of trial.

*Sabula*, 46 A.3d at 1293.

Any alleged inefficiencies with regard to a trial conducted prior to appellate review of the trial court's order does not result in Appellant's claim being irreparably lost. Appellant will not lose the opportunity to challenge the admission of testimony; he simply must wait to do so until a judgment of sentence has been imposed. Further, if Appellant is acquitted, the claim will be moot. Conversely, should Appellant be convicted, he has the option of filing a direct appeal and during that appeal, may challenge the admission of this testimony. If he prevails on that challenge, his remedy would be a new trial and any prejudice resulting from introduction of this testimony at the previous trial will no longer exist. As noted, the fact that inefficiencies may occur does not result in a claim being irreparably lost and, therefore, does not satisfy the third element of the collateral order test. *Sabula*, 46 A.3d at 1293.

Because Appellant has failed to satisfy the third prong of the collateral order test, we cannot agree with Appellant's assertion that this order is an appealable collateral order. *Harris*, 32 A.3d at 248 (stating that all three prongs of Rule 313(b) must be met before an order may be subject to a collateral appeal). Therefore, we cannot reach the merits of Appellant's issues because this is an interlocutory appeal and we lack jurisdiction. *Id.*

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/17/2015