J-A14039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| STEVEN FRIEDMAN, M.D., INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF GAIL FRIEDMAN, DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| BRYN MAWR HOSPITAL, ALLISON WILLIAMS, P.A., CHRISTOPHER X. DALY, M.D., GEORGE J. HART, M.D., GRAHAME C. GOULD, M.D., ANCY SKARIAH, D.O., ROSEMARY A. COOK, M.D., AND MAIN LINE HOSPITALS, INC., | |
| Appellees | No. 2915 EDA 2016 |

Appeal from the Order Entered August 24, 2016
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 15-11939

BEFORE:  BENDER, P.J.E., BOWES and SHOGAN, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED DECEMBER 27, 2017**

Steven Friedman, M.D., appeals from the order entered August 24, 2016, which declared that he was not an "attorney" for the purposes of Pa.R.C.P. 1042.3 and directing him to file statements of reasonable probability in compliance with that Rule.  We quash.

This matter was commenced on July 6, 2015, when Appellant filed a complaint raising various claims sounding in medical malpractice.  Appellant was required to file a certificate of merit pursuant to Pa.R.C.P. 1042.3. Such a certificate is necessary to ensure "an orderly procedure that would serve to

identify and weed out non-meritorious malpractice claims from the judicial system efficiently and promptly." ***Womer v. Hilliker***, 908 A.2d 269, 275 (Pa. 2006). A certificate of merit achieves this purpose by requiring a plaintiff to substantiate the underlying claims by providing what is, essentially, a *prima facie* showing of the merits of the dispute. This initial showing may be accomplished by, as is relevant here, the signature of plaintiff's counsel verifying "an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm[.]" Pa.R.C.P. 1042.3(a)(1). However, "[i]f a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall . . . attach to the certificate of merit the written statement from an appropriate licensed professional[.]" Pa.R.C.P. 1042.3(e).

The relevant procedural posture is as follows. Appellant, a licensed attorney, electronically signed his initial certificates of merit, one for each defendant, filed on August 14, 2015, but did not attach a written statement from an appropriate licensed professional. Appellees filed various motions to strike Appellant's certificates of merit, conceding that Appellant was an attorney, but arguing that his certifications did not conform to the dictates of Pa.R.C.P. 1042.3 since he was proceeding *pro se* and he failed to attach the necessary written statements of probable cause. These motions were granted

by the trial court on December 1, 2015, but it permitted Appellant an opportunity to cure the defects.

On December 20, 2015, Appellant filed a series of certificates of merit signed by himself, Dr. Ira Mehlman, M.D., and Dr. Marshall Gottlieb, D.O. Appellees again moved to strike these certifications, challenging Appellant's failure to comply with Rule 1042.3, and questioning the qualifications of the doctors, specifically, that Dr. Mehlman had been retired for more than five years, Dr. Gottlieb has passed away, and Appellant – who is also a medical doctor – had his medical license suspended. On April 6, 2016, the court granted the motion to strike, and provided Appellant an additional twenty days to cure the defect.

On April 22, 2016, Appellant filed certificates of merit signed solely by himself. He did not attach written documentation from an appropriate licensed professional. Appellees renewed their objection to Appellant's certificates of merit, again filing motions to strike. On August 4, 2016, after a hearing on Appellees' motions to strike, the trial court entered an order deferring its disposition until after an evidentiary hearing on the qualifications of Dr. Mehlman, which was scheduled for August 18, 2016. On August 17, 2016, Appellant sought reconsideration of this order, averring for the first time that his April 22, 2016 certificates of merit were supported by statements of

probable cause made by Dr. Dana Leifer.[1] In addition, he maintained his belief that his signature, as a licensed attorney, satisfied Rule 1042.3 and objected to the court's decision to request that Dr. Mehlman be offered for questioning. In response, on August 22, 2016, the trial court granted Appellant's motion for reconsideration, directed Appellant to file Dr. Leifer's written statements, and expressly rejected his argument that his signature met the requirements of Rule 1042.3. Appellant then filed a notice of appeal to this Court.

This matter is now ready for our review. Appellant raises two questions for our consideration:

   (1)   Did the Montgomery County Court of Common Pleas, by error of law and/or abuse of discretion, essentially take away [Appellant's] license as an attorney, and/or his right to be an-officer-of-the-Court, and/or to fully represent himself?

   (2)   Did the Montgomery Court of Common Pleas, by error of law and/or abuse of discretion, repeatedly ignore black-letter law when evaluating who is qualified to submit a statement of reasonable probability in support of a certificate of merit, thus delaying and rendering the administration of justice excessively unpredictable?

Appellant's brief at 5.

---

[1] Appellant attached certificates of merit signed by Dr. Leifer to his August 17, 2016 motion for reconsideration. However, as indicated *infra*, Appellant appealed to this Court prior to the trial court determining whether Dr. Leifer's statements of probable cause satisfied Pa.R.C.P. 1042.3. Although Appellant has provided the trial court with certificates of merit purporting to establish his cause of action below, those certificates have been contested, and thus, the issues he raises on appeal are not moot since the trial court has not ruled on Dr. Leifer's qualifications.

On appeal, Appellant contends that, since he is a licensed attorney, the requirements of Pa.R.C.P. 1042.3(e) are inapplicable, and he need not attach the written statement of probable cause that he obtained from Dr. Leifer to the certificates of merit which he signed on his own behalf in order to satisfy the Rule. Further, he claims that, although the trial court's August 24, 2016 order was not a final order, this Court has jurisdiction over his appeal pursuant to the collateral order doctrine, which permits review of non-final orders in limited circumstances. *See* Pa.R.A.P. 313. Before we reach the merits of Appellant's claimed errors, we must first determine whether we have jurisdiction over this matter.

Pennsylvania Rule of Appellate Procedure 313 defines a collateral order as "an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost." Pa.R.A.P. 313(b). An appeal from a collateral order may be taken as of right. Pa.R.A.P. 313(a). If an interlocutory order does not meet the definition of a collateral order under Rule 313, we cannot exercise jurisdiction over the matter.[2] *Rae v. Pennsylvania Funeral Directors Ass'n*, 977 A.2d 1121, 1125 (Pa. 2009). However, our High Court

---

[2] This appeal does not constitute a final order under Pa.R.A.P. 341 or an interlocutory order as of right under Pa.R.A.P. 311. Further, Appellant did not seek an interlocutory appeal by permission under Pa.R.A.P. 312, 1311, or 42 Pa.C.S. § 702(b). Thus, our only avenue to exercise jurisdiction over this appeal is governed by the collateral order doctrine.

noted that the United States Supreme Court has warned against an over-utilization of the collateral order doctrine so that collateral orders did not work to undermine the final order rule. ***Id***. at 1126 (citing ***Coopers & Lybrand v. Livesay***, 437 U.S. 463 (1978)). Hence, "the collateral order doctrine is to be construed narrowly, and we require every one of its three prongs to be clearly present before collateral appellate review is allowed." ***Id***. at 1126 (citation omitted). We emphasize that an appeal must satisfy each prong of the collateral order doctrine to invoke this Court's jurisdiction.

With regard to the third prong of the doctrine, we observe that a claim will be irreparably lost if it is not "fully remediable after final judgment." ***Commonwealth v. Blystone***, 119 A.3d 306, 313 (Pa. 2015). Further,

> [t]o satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost. An interest or issue must actually disappear to the processes of trial.

***Commonwealth v. Sabula***, 46 A.3d 1287, 1293 (Pa.Super. 2012). At this stage of the litigation, Appellant must choose between complying with the trial court's order, and either hire an attorney or produce the necessary written documentation, or continue along his chosen course of action. If Appellant maintains his belief that his signature is sufficient to satisfy the dictates of Pa.R.C.P. 1042.3, then this claim can be subject to an appeal from a final order. It is from that order that this appeal properly lies.

If Appellant remains unwavering in his conviction that his signature was sufficient under Rule 1042.3, then, as the procedural posture indicates, Appellees would move to strike Appellant's certificate of merit. This motion would likely be granted, provoking Appellees to file a notice of intent to enter judgment of *non pros* under Pa.R.C.P. 1042.6, as they have already attempted to do at an earlier stage of this proceeding. Presuming that the trial court would grant such a motion, Appellant could then appeal from the entry of judgment *non pros*, raising the same issue before us now. Alternatively, Appellant could move to strike or open the entry of judgment *non pros*, contending that the court erred in not considering his signature sufficient under Rule 1042.3. If the court were to deny that motion, then again, Appellant would have recourse to appeal raising this very same claim. ***See Ditch v. Waynesboro Hosp.***, 17 A.3d 310 (Pa. 2011) (*per curiam*) (affirming Superior Court order in case appealed from denial of party's petition to open and/or strike the judgment of *non pros*). As those appeals would be taken from the entry of a final order, Appellant's current protestations would not be irreparably lost if review were postponed.

Finally, even if Appellant were to comply with the court's order, and this matter were to proceed to trial, this claim may still garner appellate review under one of two well-established exceptions to the mootness doctrine. Appellate review of an otherwise moot claim is subject to the court's discretion when "the issue presented is one of great public importance or is one that is capable of repetition yet evading review." ***Association of Pennsylvania***

***State College and University Faculties v. Pennsylvania Labor Relations Bd.***, 8 A.3d 300, 305 (Pa. 2010) (citation omitted).  Although the decision to review such a claim is discretionary, it does appear that Appellant's claim raises an issue that is "capable of repetition yet evad[es] review."  ***Id***.  That is to say, we are not convinced that our denial of review at this juncture necessarily entails that the claim would evade review altogether.

Our learned Dissent contends that this appeal satisfies the collateral order doctrine, relying, in part, on ***Shearer v. Hafer***, 135 A.3d 637, 642 (Pa.Super. 2016), *appeal granted*, 157 A.3d 477 (Pa. 2016),[3] for the proposition that this matter implicates Appellant's right to counsel, which, it claims, "is undeniably too important to be denied review."  Dissenting Memorandum, at 10 (citing ***Shearer***, ***supra***).  Even assuming that the Dissent is correct in this regard, an appeal must satisfy each prong of the collateral order doctrine, regardless of the import of the rights affected.  ***Rae***, ***supra***.  Thus, assuming, *arguendo*, that we concur with the Dissent that this matter involves an important right, our agreement in this regard does not forestall the conclusion that this matter fails to satisfy the collateral order doctrine.

Moreover, ***Shearer*** is readily distinguishable from the case *sub judice*.  First, the plaintiffs in ***Shearer*** argued that they had a right to the presence of counsel during the entirety of an independent neuropsychological

---

[3] The High Court granted review of this Court's holdings on the merits of the Shearer's claims.  Thus, our application of the collateral doctrine rule therein, is not under review.

examination, which according to the neuropsychologist therein, breached certain ethical standards governing the practice. The trial court disagreed with the plaintiffs, ruling that their attorney could only be present for a portion of the examination. The plaintiffs appealed that interlocutory order, and argued that collateral order doctrine supported this Court's jurisdiction. This Court determined that the plaintiffs appeal was a collateral order, in part, because the right to counsel "is undeniably too important to be denied review." *Shearer*, *supra* at 642.

Here, in contrast, there is no dispute that Appellant will be represented by counsel at all times, since he himself is an attorney. This dispute centers upon whether the rules of procedure apply to him, as a self-represented *pro se* litigant, differently than other *pro se* litigants. Unlike *Shearer*, which directly implicated the right to counsel, this matter involves the extent and interpretation of a procedural rule as it applies to an attorney. As such, the import of the interest at play herein is not as firmly established as that at issue in *Shearer*.

Second, in *Shearer*, this Court determined that the plaintiffs' claim would be irreparably lost because, once trial began, their ability to have counsel present during a pre-trial independent neuropsychological examination would necessarily be lost. *Shearer*, *supra* at 642. Simply, one cannot take back an independent examination after it has been completed. Here, as noted above, if Appellant maintains his "steadfast" belief that Rule

1042.3 is inapplicable, Trial Court Opinion, 10/27/16, at 2, he will have the opportunity to appeal that issue from a final order.

Respectfully, the learned Dissent does not consider the outcome of this matter if Appellant were to maintain his current argument, but rather, determines that this issue will be "irreparably lost" only in the context of Appellant's presumed decision to hire counsel or litigate Dr. Leifer's certificates of merit. Dissenting Memorandum, at 10-11. Indeed, the Dissent acknowledges that Appellant must decide whether to comply with Rule 1042.3 or allow the suit to be dismissed, but does not follow that line of reasoning to its logical conclusion, *i.e.*, that Appellant can appeal this exact issue from the final order dismissing his suit. We reiterate that the collateral order doctrine is to be construed narrowly so it does not consume the final order rule, ***Rae***, ***supra***, and it is not intended to salvage a litigant's suit or make that suit economically efficient. ***Sabula***, ***supra***. Accordingly, we are not persuaded by the Dissent's contention that this matter would be "irreparably lost" if not considered now.

In summary, we do not find that Appellant's claimed errors would be irreparably lost if collateral review was denied. Accordingly, this appeal does not constitute a collateral order pursuant to Pa.R.A.P. 313, and we lack jurisdiction to consider the merits of Appellant's issues at this stage of the case.

Appeal quashed.

P.J.E. Bender joins the memorandum.

Judge Shogan files a dissenting memorandum.


*Judgment Entered.*

Joseph D. Seletyn, Esq.
*Prothonotary*


Date: *12/27/2017*