J-A23018-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| THE ESTATE OF JOSEPH J. ANDERSON, III, BY AND THROUGH PATRICIA ANDERSON, ADMINISTRATIX | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : | |
| | : | No. 204 EDA 2020 |
| MERCY FITZGERALD HOSPITAL, A FICTITIOUS NAME FOR MERCY CATHOLIC MEDICAL CENTER OF SOUTHEASTERN PA | : : : : : | |
| v. | : : : | |
| ZOHRA SALAHUDDIN, M.D., AND PREMIER ANESTHESIA, LLC | : : | |
| Appellants | : | |

Appeal from the Order Entered November 26, 2019
In the Court of Common Pleas of Delaware County Civil Division at
No(s):  CV-2018-002955

BEFORE:   KUNSELMAN, J., NICHOLS, J., and PELLEGRINI, J.*

MEMORANDUM BY NICHOLS, J.:                    **FILED MARCH 17, 2021**

Appellants Zohra Salahuddin, M.D. (Dr. Salahuddin), and Premier

Anesthesia, LLC (Premier), appeal from the order joining them as additional

defendants in the malpractice action brought by the estate of Joseph J.

Anderson, III, by and through Patricia Anderson, administratix (Plaintiff),

_____

* Retired Senior Judge assigned to the Superior Court.

against Appellee Mercy Fitzgerald Hospital, a fictitious name for Mercy Catholic Medical Center of Southeastern Pennsylvania.[1]  Appellants assert that the joinder order is immediately appealable as a collateral order and that the trial court erred in granting Appellee's untimely motion to join them as additional defendants.  For the reasons that follow, we quash the appeal.

The trial court set forth the background to this appeal as follows:

The facts of this medical malpractice action as set forth in Plaintiff['s] Complaint filed on April 16, 2018[,] are as follows: On or about November 16, 2016, Joseph Anderson (hereinafter "Decedent"), underwent a cystoscopic bladder biopsy at Defendant Mercy . . . .  Plaintiff alleges that Decedent had a history of cardiac instability which was known to [Appellee]'s staff performing the biopsy.  During the procedure, Decedent began to exhibit signs of cardiac instability including tachycardia, after which he arrested and died.  Plaintiff alleges that [Appellee]'s negligence was a factual cause of Decedent's premature death.  Plaintiff made a claim for all damages allowed under the Pennsylvania Wrongful Death Statute and the Pennsylvania Survivor Act.

Plaintiff asserts that [Appellee] acted through its agents, servants, employees, and ostensible agents.  Plaintiff alleges that [Appellee] was negligent in failing to treat and/or monitor Decedent's cardiac condition, in its failure to act once Decedent exhibited abnormal cardiac symptoms, in its failure to protect Decedent from further cardiac decline, and in failing to follow the requisite standard of care.  Plaintiff further alleges that [Appellee] is "corporate negligent" as it failed to oversee those responsible for monitoring and acting on Decedent's cardiac condition, failed to have rules/policies in place regarding the monitoring and action required, and failed to screen, supervise, select and retain competent physicians and certified nurse anesthetists responsible for Decedent's care.

---

[1] Plaintiff has filed a notice of no interest in this Court and is not a participant in this appeal.

On June 21, 2018, [Appellee] filed an Answer to Plaintiff's Complaint and New Matter. In pertinent part, [Appellee] denied all material allegations in the Complaint stating that [Appellee] did not have knowledge and/or information sufficient to respond and/or denied the allegations as conclusions of law. Further, [Appellee] specifically denied that any individuals named in the Complaint were its agents, servants, employees, or ostensible agents. Further, [Appellee] denied that it was negligent in any manner, whether in a corporate capacity or otherwise.

In its New Matter, [Appellee] asserts that Plaintiff has failed to state a cause of action, has not sustained injuries cognizable under Pennsylvania law, and that Plaintiff's claims are barred by reason of the following: the alleged injuries were not caused by the action/inaction of [Appellee], [Appellee] acted within the standard of care, the Statute of Limitations, Decedent's consent, by the provisions of the Pennsylvania Comparative Negligence Act, assumption of the risk or comparative negligence, Health Care Services Malpractice Act, Medical Care Availability and Reduction Error Act, execution of a release, collateral estop[p]el[] and res judicata, [Plaintiff's] failure to mitigate damages, and, lastly, that Plaintiff's damages were not caused by [Appellee], or any entity or individual whom over [Appellee] exercised control and/or were agents, servants, employees or workmen of [Appellee]. Plaintiff filed a Response to New Matter on July 6, 2018 denying each paragraph of the New Matter and demanding strict proof at trial.

Trial Ct. Op., 2/21/20, at 1-4 (record citations omitted).

On August 21, 2018, approximately one month after Appellee answered Plaintiff's complaint, Appellee's counsel at the time Daniel J. Divis, Esq., authored a letter to Dr. Salahuddin. The letter apparently enclosed a copy of Plaintiff's complaint and medical records. Attorney Divis stated that he represented Appellee and Appellee was the only named defendant in Plaintiff's action. Attorney Divis continued:

As I indicated to you I believe you should call your employer at the time, [Premier], to let them know that this lawsuit has been

filed. Further, as I indicated to you my client does not intend to join you as an individual or [Premier] as a defendant in the case.

R.R. at 157a.[2] Attorney Divis requested that Dr. Salahuddin "discuss the case further" after she reviewed the enclosures and spoke to Premier. *Id.* at 158a.

Dr. Salahuddin thereafter discussed "case specifics" with Attorney Divis. *Id.* at 161a. Dr. Salahuddin indicated that she believed Attorney Divis was "her attorney at the time and representing her interests as well as [Appellee's]." *Id.* Attorney Divis subsequently withdrew, and Appellees' present counsel entered their appearance in February 2019.

On June 27, 2019, more than one year after filing its answer and new matter, Appellee filed a motion for leave to join Appellants as additional defendants.[3] On July 17, 2019, Appellants responded to Appellee's motion

---

[2] We may cite to the reproduced record for the convenience of the parties.

[3] Appellee attached to its motion a copy of its proposed complaint against Appellants. Appellee's joinder complaint stated a single count of contribution and indemnification against Appellants and alleged that Appellee contracted with Premier to provide anesthesiology services and that Dr. Salahuddin was an agent, servant, or employee of Premier. R.R. at 53-54a. Appellee also attached service agreements between it and Premier and referred to indemnification provisions therein. *Id.* at 55a.

Pennsylvania Rule of Civil Procedure 2253 states:

(a) Except as provided by Rule 1041.1(e)[, regarding asbestos actions], neither a praecipe for a writ to join an additional defendant nor a complaint if the joinder is commenced by complaint, shall be filed later than

admitting that Dr. Salahuddin provided care to Decedent, that Premier employed Dr. Salahuddin at that time, but challenging Appellee's late request for joinder.

The trial court granted Appellee's motion to join Appellants by the order entered on November 26, 2019. Appellants filed a notice of appeal on December 20, 2019. The trial court did not order a Pa.R.A.P. 1925(b) statement but filed an opinion.[4]

Appellants present the following questions for review:

------

> (1) sixty days after the service upon the original defendant of the initial pleading of the plaintiff or any amendment thereof, or
>
> (2) the time for filing the joining party's answer as established by Rule 1026, Rule 1028 or order of court,
>
> whichever is later, unless such filing is allowed by order of the court or by the written consent of all parties approved by and filed with the court.

Pa.R.C.P. 2253(a). This Court has stated that a defendant must act expeditiously in seeking the joinder of additional defendants. ***NPW Med. Ctr. of N.E. Penna., Inc. v. LS Design Grp., P.C.***, 509 A.2d 1306, 1310 (Pa. Super. 1986). However, the purpose of Rule 2253 "is to prevent the plaintiff from suffering prejudice regarding the prosecution of its portion of the litigation due to the defendant's delay" and to "and expedite the disposition of matters involving numerous parties." ***Id.*** at 1310 (formatting altered).

[4] The trial court concluded, in part, that the November 26, 2019 order was interlocutory and not immediately appealable because Appellants filed an application to amend the order to include a Section 702(b) certification, but the application was denied by operation of law. Trial Ct. Op., 2/20/20, at 6-7.

1. Is the November 25, 2019 order a collateral order subject to immediate appellate review where (a) the issues to be reviewed are separable from the main cause of action; (b) issues involving, inter alia, privilege are too important to deny immediate review; and (c) the issues involve public policy and other implications that go far beyond the instant case?

2. Did the trial court abuse its discretion when it granted the joinder of [Appellants], known to [Appellee] since the commencement of the litigation, yet the motion to join was filed 367 days after the permissible joinder deadline, and [Appellee] asserted absolutely no cause, let alone sufficient cause, for the late joinder?

Appellants' Brief at 4.

Because Appellants' first issue implicates this Court's jurisdiction, we initially address whether the order granting Appellee's motion to join Appellants as additional defendants is immediately appealable as a collateral order.[5]  *See Jacksonian v. Temple Univ. Health Sys. Found.*, 862 A.2d 1275, 1279 (Pa. Super. 2004) (noting that "the question of appealability implicates the jurisdiction of our court" (citation omitted and formatting altered)).  Appellants contend that the November 26, 2019 order meets all three elements of a collateral order, asserting: (1) the order can be reviewed without analyzing the merits of Plaintiff's action; (2) the order involves rights that are deeply rooted in public policy and too important to deny an immediate review; and (3) Appellants' claim would be irreparably lost if review was postponed.  *See* Appellant's Brief at 17-22 (discussing Pa.R.A.P. 313).

---

[5] Our courts have traditionally quashed appeals granting leave to join additional defendants as interlocutory.  *See Morgan v. Dean Phipps Stores*, 239 A.2d 312, 312 (Pa. 1968); *Forrester v. Hanson*, 901 A.2d 548, 550, 555 (Pa. Super. 2006).

Specifically, Appellants first argue that the order joining them as additional defendants is "procedural in nature." *Id.* at 17. Appellants further claim that the order is separable from the Plaintiff's medical negligence as a review does not require a merits analysis of the underlying claim. *Id.* at 18.

Second, Appellants argue that their appeal involves rights deeply rooted in public policy. *Id.* at 18. Appellants contend that Appellee's counsel essentially tricked Dr. Salahuddin into believing that she would not be joined as a party, that she was Appellee's agent, and that her communications with Appellee's counsel at the time were privileged. *Id.* at 19. "Denying review," Appellants assert, "would reward [Appellee] for its intentional reversal of course [in seeking joinder], which involves issues directly related to attorney client privilege," and would encourage similar inappropriate conduct in other cases. *Id.* at 19-20.

Third, Appellant's argue that their claims on appeal would be forever lost. *Id.* at 21. Appellants assert, "Quite simply, if [Appellee] is allowed to continue to trial with th[e] information [disclosed to Appellee by Dr. Salahuddin] and use it against Dr. Salahuddin, this can never be undone." *Id.* Appellants also argue that postponing an appeal would cause them to suffer the burdens of defending themselves in the litigation, as well as reputational and professional harms. Moreover, Appellants assert that they would be forced to disclose further confidential information. *Id.* at 21-22.

"Whether an order is appealable under the collateral order doctrine under Pa.R.A.P. 313 is a question of law, subject to a *de novo* standard of

review, and the scope of review is plenary. ***Shearer v. Hafer***, 177 A.3d 850, 855 (Pa. 2018) (citation omitted).

Rule 313 states:

**(a) General rule.—**An appeal may be taken as of right from a collateral order of a trial court or other government unit.

**(b) Definition.—**A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

In ***Shearer***, our Supreme Court explained that

where an order satisfies Rule 313's three-pronged test, an appellate court may exercise jurisdiction even though the order is not final. If the test is not met, however, and in the absence of another exception to the final order rule, there is no jurisdiction to consider an appeal of such an order.

***Shearer***, 177 A.3d at 857 (citation omitted). Our Supreme Court stressed that appellate courts must "construe the collateral order doctrine narrowly, and insist that each one of its three prongs be 'clearly present' before collateral appellate review is allowed." ***Id.*** at 858 (citations omitted).

Discussing the "importance" element of a collateral order, our Supreme Court has stated: "[I]t is not sufficient that the issue be important to the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." ***Geniviva v. Frisk***, 725 A.2d 1209, 1214 (Pa. 1999). The ***Geniviva*** Court concluded that an appeal from

an order refusing to enforce a settlement was not immediately appealable under Rule 313. *Id.* The Court noted the public policies favoring settlement as "efficient, expeditious and judicious resolution of disputes." *Id.* at 1214 (formatting altered). However, the Court noted that "[a]ny efficiencies gained in reduced trial litigation would be at the expense of increased appellate litigation" if an immediate appeal were granted. *Id.* (footnote omitted).

As this Court summarized:

The issue is important if the interests that would potentially go unprotected without immediate appellate review are significant relative to the efficiency interests sought to be advanced by adherence to the final judgment rule. In other words, the public policy implications of the right involved must outweigh our usual aversion to fragmented appeals.

*Barak v. Karolizki*, 196 A.3d 208, 219 (Pa. Super. 2018) (citation and formatting altered).

As to the loss of a claim, this Court has noted:

[A]n issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost. An interest or issue must actually disappear due to the processes of trial.

*Commonwealth v. Sabula*, 46 A.3d 1287, 1293 (Pa. Super. 2012) (citation omitted) (holding that an order refusing to enforce a non-prosecution agreement was not immediately appealable and rejecting the appellant's argument that the benefit of the bargain to avoid the likelihood of incarceration and cost of trial would be irreparably lost).

Instantly, we conclude that Appellants fail to establish that the order granting joinder involves a right too important to be denied immediate review. The rules governing the timing of joinder intend to protect a plaintiff and promote expeditious of cases involving multiple parties. *See NPW Med. Ctr.*, 509 A.2d at 1310. They do not create a right for additional defendants to be free from litigation. Moreover, our courts have not recognized the burdens and expenses of trial to concern an important right. *See Geniviva*, 725 A.2d at 1214; *accord Sabula*, 46 A.3d at 1293; *Forrester*, 901 A.2d at 555.

We acknowledge that Appellants emphasize the conduct of Attorney Divis, Appellee's former counsel. However, Appellants have not established a right deeply rooted in public policy. Appellants' passing reference to an attorney-client privilege based on Dr. Salahuddin's apparent misunderstanding of her relationship to Attorney Divis is wholly underdeveloped to establish the second element of a collateral order.

In any event, we further conclude that Appellants' claims will not be irreparably lost. The order at issue here may make trial inconvenient or more difficult for Appellants, but their rights will not "disappear." *See Sabula*, 46 A.3d at 1293. Appellants may address any improperly obtained information in the trial court. Furthermore, a favorable verdict would moot Appellants' claims, while Appellants would retain the right to appeal from an adverse judgment. *See id.*

In sum, we discern no important right or irreparable loss favoring an immediate appeal over the preference for finality. *See Shearer*, 177 A.3d at

- 10 -

857-58; *Forrester*, 901 A.2d at 555. As Appellants have failed to establish the second and third elements of a collateral order, we quash this appeal.[6]

Appeal quashed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: 3/17/2021

_____

[6] We note that Appellants also filed an application in the trial court to amend the November 26, 2019 order with a certification for immediate appeal. **See** 42 Pa.C.S. § 702(b). The application was denied by operation of law, after which the Appellants filed in this Court a petition for review of the trial court's refusal to amend the November 26, 2019 order to include a 42 Pa.C.S. § 702(b) certification. **See** Appellants' Brief at 11; **Mercy Fitzgerald Hospital, A Fictitious Name for Mercy Catholic Medical Center of Southeastern Pennsylvania v. Zohra Salahuddin, M.D., and Premier Anesthesia, LLC**, 17 EDM 2020. This Court denied the petition for review on April 3, 2020. **See** Order, 17 EDM 2020, 4/3/20. We add that Appellants do not argue, nor do we find, any basis to proceed with this interlocutory appeal as a matter of right under Pa.R.A.P. 311. **See also Forrester**, 901 A.2d at 555 ("an order granting joinder of a party does not constitute a basis for an interlocutory appeal as of right").