**CLD-176** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1300
_____

TERRY FAISON WILLIAMS (on behalf of Louis T. Faison, Jr., deceased);
VETA BELL FAISON; LOUIS T. FAISON, SR.

v.

U.S. PENITENTIARY LEWISBURG, PA, medical staff and guards;
UNION COUNTY CORONER

Terry Faison Williams; Louis T. Faison, Sr.,
Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil No. 09-cv-01715)
District Judge:  Honorable Thomas I. Vanaskie
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
April 22, 2010

Before:  BARRY, FISHER and ALDISERT, Circuit Judges.

(Filed: April 28, 2010 )
_____

OPINION
_____

PER CURIAM

Terry Faison Williams filed a civil rights complaint in the United States District Court for the Middle District of Pennsylvania, alleging that inadequate medical care led to the allegedly "wrongful death" of brother, Louis T. Faison, while he was incarcerated in USP-Lewisburg.[1] She named as defendants the prison, its warden and staff, as well as the Union County Coroner's Office. With respect to relief, Williams asserted that "criminal charges should be filed." The District Court concluded that an individual may not sue to compel officials to initiate an investigation or prosecution. In addition, the District Court noted that Williams did not have standing because she did not suffer any direct injury, determined that she could not proceed without a lawyer even if she was the administratrix of her brother's estate, and declined to exercise jurisdiction over any pendent state law claims. Consequently, the District Court dismissed the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). Williams appealed.[2]

---

[1]Although Veta Bell Faison and Louis T. Faison, Sr., were also listed as plaintiffs on the complaint, those individuals did not sign the complaint or submit motions to proceed in forma pauperis. Therefore, the District Court deemed Williams the sole plaintiff. Although Louis T. Faison has signed the notice of appeal, he does not challenge his dismissal as plaintiff below.

[2]The dismissal was without prejudice so that Williams could seek reconsideration within 14 days if she was able to establish that she was the administratrix of her brother's estate. Because Williams did not seek reconsideration, the District Court's order is final. See Shapiro v. UJB Financial Corp., 964 F.2d 272 (3d Cir. 1992) (after 30-day period had passed in which plaintiff was given leave to amend complaint, order had effect of dismissing complaint with prejudice).

2

To have standing to bring a claim in federal court, a plaintiff must show, inter alia, that she has "suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." Lujan v. Defenders of Wildlife, 504 U.S. 555, 560 (1992) (citations and internal quotations omitted). It is well-established that "a private citizen lacks a judicially cognizable interest in the prosecution or non-prosecution of another." Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973). Because Williams requested only criminal prosecution of those allegedly responsible for her brother's death, her claims are not cognizable.

Therefore, we conclude that this appeal presents no substantial question, and we will summarily affirm.[3] See Third Cir. LAR 27.4; I.O.P. 10.6.

---

[3]Williams' request for appointment of counsel, her Motion to Purchase Transcripts, and her request for disclosure of "documentation and tests" are denied.