J-A14039-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| STEVEN FRIEDMAN, M.D., INDIVIDUALLY AND AS EXECUTOR OF THE ESTATE OF GAIL FRIEDMAN, DECEASED | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : | |
| v. | : : | No. 2915 EDA 2016 |
| BRYN MAWR HOSPITAL, ALLISON WILLIAMS, PA, CHRISTOPHER X. DALY, MD, GEORGE J. HART, MD, GRAHAME C. GOULD, MD, ANCY SKARIAH, DO, ROSEMARY A. COOK, MD AND MAIN LINE HOSPITALS, INC. | : : : : : : : : | |

Appeal from the Order Entered August 24, 2016
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 15-11939

BEFORE: BENDER, P.J.E., BOWES, J., and SHOGAN, J.

DISSENTING MEMORANDUM BY SHOGAN, J.: **FILED DECEMBER 27, 2017**

I respectfully dissent from the learned Majority's conclusion that we lack jurisdiction over this matter and must quash the appeal. Rather, I conclude that this Court has jurisdiction pursuant to Pa.R.A.P. 313, the collateral-order doctrine. Thus, I would proceed to the merits of the appeal and find that the order declaring that Appellant is not an "attorney" for purposes of Pa.R.C.P. 1042.3(a) and (e) should be reversed and the case remanded.

As noted by the Majority, Appellant, Steven Friedman, M.D., filed a complaint on July 6, 2015, on behalf of himself, individually and as executor of the Estate of Gail Friedman,[1] against Appellees, Bryn Mawr Hospital, Main Line Hospitals, Inc., Allison Williams, P.A. ("Williams"), Christopher X. Daly, M.D. ("Daly"), George J. Hart, M.D. ("Hart"), Grahame C. Gould, M.D. ("Gould"), Ancy Skariah, D.O., and Rosemary A. Cook, M.D.[2] The complaint alleged negligence, negligent and intentional infliction of emotional distress, vicarious liability, willful and wanton misconduct, reckless endangerment, and loss of consortium. Complaint, 7/6/15, at 12–19. Eight amended complaints followed the filing of the initial complaint.

On August 7, 2015, Appellees filed a notice of intent to enter a judgment of *non pros* due to Appellant's failure to file certificates of merit with attachments from licensed professionals pursuant to Pa.R.C.P. 1042(e). On August 14, 2015, Appellant filed certificates of merit for each defendant, which he, an attorney, signed electronically. As stated by the trial court, Appellant "has steadfastly contended that he is not required to file certificates of merit with statements of reasonable probability pursuant to Pa.R.C.P. 1042.3(e)." Trial Court Opinion, 10/27/16, at 2. Rather, Appellant has consistently

---

[1] Gail Friedman, Appellant's wife, passed away on October 31, 2014; her estate was dismissed by order dated June 20, 2016, leaving Appellant as the sole remaining plaintiff.

[2] Appellees Bryn Mawr Hospital, Main Line Hospitals, Inc., Dr. Skariah, and Dr. Cook ("Hospital Appellees") jointly filed a brief herein.

asserted to the trial court and maintains herein that he is entitled to file certificates of merit without the statements because he is an "attorney" as contemplated by Pa.R.C.P. 1042(a).

The Majority has aptly summarized the procedural history as it relates to this appeal. I note, however, the following additional commentary from the trial court on the procedural posture of the case:

> At an August 18, 2016 hearing, [Appellant] disclosed that he has in his possession statements of reasonable probability from Dr. Dana Liefer, who [Appellant] contends is an "appropriate licensed professional" under Rule 1042.3(a)(1). However, he had heretofore refrained from filing the statements of reasonable probability because "the plaintiff in this case is represented by an attorney. The attorney submits a certificate of merit. That ends it." N.T. 8/18/16, 7:8–10.
>
> On August 24, 2016, this [c]ourt ordered [Appellant] to file the statements of reasonable probability of Dr. Liefer in order to satisfy Rule 1042.3. All parties were further directed to brief the issue of his qualifications under MCARE § 512, as Rule 1042.3(1) requires the appropriate licensed professional to be so qualified. In addition, this [c]ourt issued [a] declaratory judgment that [Appellant] is not an "attorney" for the purposes of this case because he is representing himself. The Estate of Gail Friedman is no longer a party to this case; as such, [Appellant] is not representing anybody but himself, thereby designating him as a pro se litigant.

Trial Court Opinion, 10/27/16, at 2–3. Appellant timely appealed the August 24, 2016 order on September 2, 2016. Disposition of the motions to strike Appellant's certificates of merit was stayed pending this appeal. *Id.* at 3.

On October 6, 2016, this Court issued a rule to show cause, directing Appellant to explain why the appeal should not be quashed as premature. Appellant filed a response on October 17, 2016. Hospital Appellees filed an

- 3 -

application to quash this appeal on November 9, 2016. On January 11, 2017, by *per curiam* order, a motions panel of this Court denied Hospital Appellees' application to quash without prejudice, thereby allowing Hospital Appellees to raise the issue before the merits panel.

I repeat the issues Appellant raises on appeal:

(1) Did the Montgomery County Court of Common Pleas, by error of law and/or abuse of discretion, essentially take away appellant-attorney's license as an attorney, and/or his right to be an-officer-of-the-Court, and/or to fully represent himself?

(2) Did the Montgomery County Court of Common Pleas, by error of law and/or abuse of discretion, repeatedly ignore black-letter law when evaluating who is qualified to submit a statement of reasonable probability in support of a certificate of merit, thus delaying and rendering the administration of justice excessively unpredictable?

Appellant's Brief at 5.

As recognized by the Majority, we must initially address the question of our jurisdiction over this appeal. The Majority agrees with Hospital Appellees that we should quash this appeal as interlocutory, contending it is not an appeal from a final order, an interlocutory order as of right or by permission, or a collateral order. Hospital Appellees' Brief at 34–41. For the reasons that follow, I am compelled to disagree.

Under the Pennsylvania Rules of Appellate Procedure, a litigant may appeal "(1) a final order or an order certified as a final order (Pa.R.A.P. 341); (2) an interlocutory order as of right (Pa.R.A.P. 311); (3) an interlocutory order by permission (Pa.R.A.P. 312, 1311, 42 Pa.C.S.A. § 702(b)); or (4) a

collateral order (Pa.R.A.P. 313)." *Veloric v. Doe*, 123 A.3d 781, 784 (Pa. Super. 2015) (quoting *Berkeyheiser v. A-Plus Investigations, Inc.*, 936 A.2d 1117, 1123 (Pa. Super. 2007)). A final order is an order that "disposes of all claims and of all parties."[3] Pa.R.A.P. 341(b). Because the August 24, 2016 order does not dispose of all claims, and the order has not been certified as a final order pursuant to Pa.R.A.P. 341(c), the instant appeal is not from a final order.

An interlocutory appeal as of right permits immediate appeals in limited, specified circumstances. Pa.R.A.P. 311 (permitting, *e.g.*, appeal of "[a]n order refusing to open, vacate, or strike off a judgment"). An interlocutory appeal by permission is the result of express permission by the trial court. Pa.R.A.P.

---

[3] Pa.R.A.P. 341(b)(2) formerly permitted an appeal from an order "expressly defined as a final order by statute." *Veloric*, 123 A.3d at 784. The Declaratory Judgments Act provides that declaratory judgments "shall have the force and effect of a final judgment or decree." 42 Pa.C.S. § 7532. However, the Pennsylvania Supreme Court rescinded Pa.R.A.P. 341(b)(2), effective April 1 of 2015. Pa.R.A.P. 341 cmt. The note to Pa.R.A.P. 341 explains:

> One of the further effects of the rescission of subparagraph (b)(2) is to change the basis for appealability of orders that do not end the case but grant or deny a declaratory judgment. *See Nationwide Mut. Ins. Co. v. Wickett*, 763 A.2d 813, 818 (Pa. 2000); *Pa. Bankers Ass'n v. Pa. Dep't. of Banking*, 948 A.2d 790, 798 (Pa. 2008). The effect of the rescission is to eliminate waiver for failure to take an immediate appeal from such an order.

*Id.* As a result, the Declaratory Judgments Act no longer enables appeals from declaratory judgments that do not meet the finality requirement of Pa.R.A.P. 341 or qualify as appealable interlocutory or collateral orders.

312. The circumstances of this appeal do not trigger an interlocutory appeal as of right, and the trial court has not approved an interlocutory appeal by permission.

Therefore, like the Majority, I turn to whether Appellant's appeal of the trial court's declaratory judgment constitutes a collateral order pursuant to Pa.R.A.P. 313. The collateral-order doctrine permits appellate jurisdiction where: "an order is (1) separable from and collateral to the main cause of action, (2) implicates rights which are too important to be denied review, and (3) the appellant's claim as to that order will be lost if postponed until final judgment." *Rae v. Pa. Funeral Directors Ass'n*, 977 A.2d 1121, 1124 (Pa. 2009) (citing *Ben v. Schwartz*, 729 A.2d 547 (Pa. 1998)). All "three prongs [must] be clearly present before collateral appellate review is allowed." *Rae*, 977 A.2d at 1126 (citing *Melvin v. Doe*, 836 A.2d 42, 47 (Pa. 2003)).

An order is separable from the main cause of action if it is "entirely distinct from the underlying issue in the case" and "can be resolved without an analysis of the merits of the underlying dispute." *K.C. v. L.A.*, 128 A.3d 774, 778 (Ps. 2015) (quoting *Commonwealth v. Blystone*, 119 A.3d 306, 312 (Pa. 2015)); *see*, *e.g.*, *Yorty v. PJM Interconnection, L.L.C.*, 79 A.3d 655, 662 (Pa. Super. 2013) (noting the elements of negligence and observing that immunity, the subject of the collateral order, "is factually distinct from the proof of any of these elements"). With regard to the second prong of the collateral-order doctrine, "[i]t is not sufficient that the issue be important to

the particular parties. Rather it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." **Melvin**, 836 A.2d at 47 (quoting **Geniviva v. Frisk**, 725 A.2d 1209, 1213–1214 (Pa. 1999)). Collateral review is appropriate where "the interests that would go unprotected without immediate appeal are significant relative to the efficiency interests served by the final order rule." **K.C.**, 128 A.3d at 779 (citing **Commonwealth v. Williams**, 86 A.3d 771, 782 (Pa. 2014)). Finally, our Supreme Court has interpreted "irreparable loss" within the context of the third prong as a loss that is not "fully remediable after final judgment." **Blystone**, 119 A.3d at 313. This Court has similarly defined irreparable loss as follows:

> To satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost. An interest or issue must actually disappear due to the processes of trial.

**Commonwealth v. Sabula**, 46 A.3d 1287, 1293 (Pa. 2012).

Here, Appellant asks us to resolve whether a licensed attorney acting *pro se* is an "attorney" within the meaning of Pa.R.C.P. 1042.3(e). Hospital Appellees maintain that the order does not satisfy the collater-order doctrine, and is thus not appealable at this point, because: (1) we must "reference" the medical malpractice claim to resolve the appeal, (2) a determination of the meaning of a rule of civil procedure does not outweigh the efficiency interest

of the final-order rule, and (3) the trial court's declaratory judgment can be appealed at a later date. Hospital Appellees' Brief at 38-41. I disagree.

While we may "reference" the medical-malpractice claim during this appeal, the interpretation of Pa.R.C.P. 1042.3 requires an analysis that is entirely distinct from the merits of Appellant's medical-malpractice claim. Thus, as acknowledged by the Majority, the first prong of the collateral-order doctrine is met.

The second prong requires that the rights involved be too important to be denied review. As previously noted, "it must involve rights deeply rooted in public policy going beyond the particular litigation at hand." *Melvin*, 836 A.2d at 47. Appellant argues that the trial court's order implicates such rights in that "took away [his] license as an attorney, and/or his right . . . to fully represent himself." Appellant's Brief at 14. I cannot agree that Appellant is unable to represent himself; however, he is subject to requirements not imposed on attorneys who are not representing themselves.

I note that our Supreme Court and this Court have, at times, broadly interpreted the interests implicated by an issue raised on collateral appeal in order to protect important interests. For example, the High Court has found interests "deeply rooted in public policy" to include freedom of speech rights in *Melvin*, 836 a.2d at 47; the "fair and impartial administration of justice" in divorce proceedings in *Fried v. Fried*, 501 A.2d 211, 214 (Pa. 1984); and the United States Congress's interest in controlling the long-term costs and

liabilities of aviation manufacturers, *Pridgen v. Parker Hannifin Corp.*, 905 A.2d 422, 433 (Pa. 2006).  This Court has likewise found the second prong satisfied where an order implicates: the integrity of the judicial system, *Sabula*, 46 A.3d 1287, 1292 (Pa. super. 2012); the availability of medical care "through a comprehensive and high-quality health care system," *Osborne v. Lewis*, 59 A.3d 1109, 111 n.3 (Pa. Super. 2012); and a statute's purpose of "protecting and promoting marital harmony," *CAP Glass, Inc. v. Coffman*, 130 A.3d 783, 790 (Pa. Super. 2016).

In particular, orders in cases involving "counsel," the right to have counsel, and the right to have counsel present have all been reviewed as collateral orders recently, and "the apparent growth in the number of these cases suggests an increased willingness to permit collateral order review in this area."  Bruce P. Merenstein, "Pennsylvania's Appellate Courts Strike Out on their Own Collateral Order Path, "October 2016 PA Bar Quarterly, Vol. 57, No. 4, at 183, 191.  Furthermore, this Court has held that "any matter implicating and potentially infringing upon a litigant's right to counsel is undeniably too important to be denied review."  *Shearer v. Hafer*, 135 A.3d 637, 642 (Pa. Super. 2016), *appeal granted*, 157 A.3d 477 (Pa. 2016).  In my view, an attorney's right to self-representation similarly implicates and infringes upon the right to counsel, impacts the scope of an attorney's license, and is too important to be denied review.  Thus, because the instant issue

involves "rights deeply rooted in public policy," Appellant's claim satisfies the second prong of the collateral-order doctrine. *Melvin*, 836 A.2d at 47.

The final requirement for collateral review, and the one upon which the Majority bases its decision, is that the claim will be lost if postponed until final judgment. *Rae*, 977 A.2d at 1124. Unlike the Majority, I conclude that the issue of whether a licensed attorney proceeding *pro se* is an attorney within the meaning contemplated by Rule 1042.3(e) will be irreparably lost if collateral review is denied. Appellant is faced with the decision of either incurring the costs of compliance with Rule 1042.3(e) or allowing the suit to be dismissed. Assuming that Appellant continues pursuing this suit by either hiring an attorney or filing a statement of reasonable probability, the issue of whether licensed attorneys representing themselves are *pro se* litigants would be moot by the time of appeal. The instant issue of the interpretation of Pa.R.C.P. 1042.3(e)—and its important public policy implications—would "disappear due to the processes of trial" in the event that collateral review is denied. *Sabula*, 46 A.3d at 1293. As stated by the *Shearer* Court, win or lose, the right would be "irreparably lost." *Shearer*, 135 A.3d at 642. As a result, I conclude that this Court has jurisdiction of this matter by virtue of the collateral-order doctrine. Therefore, I would proceed to the merits of the appeal.

The issue Appellant raises is whether a licensed attorney representing himself constitutes an "attorney" for purposes of Pa.R.C.P. 1042.3. This is a matter of first impression.

Pa.R.C.P. 1042.3(a) and (e) provide as follows:

**Rule 1042.3. Certificate of Merit**

(a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party. . . .

* * *

(e) If a certificate of merit is not signed by an attorney, the party signing the certificate of merit shall, in addition to the other requirements of this rule, attach to the certificate of merit the written statement [of reasonable probability] from an appropriate licensed professional as required by subdivisions (a)(1) and (2). If the written statement is not attached to the certificate of merit, a defendant seeking to enter a judgment of non pros shall file a written notice of intent to enter a judgment of non pros for failure to file a written statement under Rule 1042.11.

Pa.R.C.P. 1042.3 (a) and (e).

The explanatory comment to Pa.R.C.P. 1042.3 states:

These proposed amendments also add a procedure for when the certificate of merit is not signed by an attorney. New subdivision (e) of Rule 1042.3 would require the attachment of the written statement from an appropriate licensed professional to the certificate of merit.

* * *

The Committee is proposing this amendment for several reasons. First, **only an attorney is subject to disciplinary proceedings for abusing the rules of civil procedure governing**

- 11 -

**certificates of merit**. Second, it is not unusual for an unrepresented plaintiff to file a certificate of merit without having received a written statement from a licensed professional supporting his or her claim. Third, the rules governing the certificates of merit already make a distinction between an attorney and an unrepresented plaintiff filing a certificate of merit.

Pa.R.C.P. 1042.12 cmt. (emphasis added).

The trial court concluded that an unrepresented attorney is *pro se*, and therefore subject to the statement-of-reasonable-probability requirement of Pa.R.C.P. 1042.3(e). Trial Court Opinion, 10/27/16, at 4. In reaching this determination, the trial court relied on Black's Law Dictionary, which defines *pro se* as "for oneself; on one's own behalf; without a lawyer." **Id.** The trial court then "employ[ed] a simple syllogism" to support its interpretation of Pa.R.C.P. 1042(e): "[Appellant] is the only plaintiff; [Appellant] has not retained outside counsel; therefore, [Appellant] is acting 'for oneself' and is clearly a pro se litigant." Trial Court Opinion, 10/27/16, at 4.

Appellant asserts that the trial court's interpretation of Pa.R.C.P. 1042.3 leads to "absurd" results, and he contends that the trial court's conclusion effectively deprives him of his status as an attorney. Appellant's Brief at 16–17. Furthermore, Appellant avers that by ignoring the plain meaning of Pa.R.C.P. 1042.3, the trial court has delayed the administration of justice. **Id.** at 18–20.

Appellees mimic the trial court's truncated reasoning and reliance on Black's Law Dictionary's definition of *pro se*. Hospital Appellees' Brief at 19; Hart's Brief at 6; Daly and Williams's Brief at 6. Appellees suggest that the

trial court's interpretation of Pa.R.C.P. 1042.3(e) is consistent with the plain language of Pa.R.C.P. 1042.3 and the intention of our Supreme Court in enacting this procedural rule.  Hospital Appellees' Brief at 20.  In support, all Appellees cite the explanatory comment to Pa.R.C.P. 1042.3 and **Womer v. Hilliker**, 908 A.2d 269 (Pa. 2006).  Hospital Appellees' Brief at 21–22; Hart's Brief at 7–10; Daly and Williams's Brief at 7–10; Gould's Brief at 12–13.

Appellee Dr. Gould argues in the alternative that the trial court retains the discretion to require a plaintiff to attach statements of reasonable probability even where the certificate of merit is signed by an attorney. Gould's Brief at 16–18.  Dr. Gould maintains that the statute does not prohibit a trial court from requiring statements of reasonable probability at its discretion and that the trial court did not abuse that discretion here.  **Id**.

Hospital Appellees further attack the sufficiency and validity of the certificates of merit that Appellant eventually produced.  They assert that Dr. Dana Leifer, their author, does not meet the qualifications set forth in Section 512 of the MCARE Act, 40 P.S. § 1303.512 (a)–(e), and therefore is not qualified to be considered an "appropriate licensed professional" for purposes of a certificate of merit.  Hospital Appellees' Brief at 26.

I would conclude that the trial court's interpretation of Pa.R.C.P. 1042.3 lacks meaningful and cogent support for the following reasons.  First, the purpose of the statements-of-reasonable-probability requirement, as noted in the explanatory comment, supports the conclusion that Appellant is an

"attorney" pursuant to Pa.R.C.P. 1042.3(e). Appellant's decision to represent himself does not deprive him of his licensed statutory status. My interpretation of the Pennsylvania Rules of Civil Procedure is guided by Pa.R.C.P. 127, which provides that "[t]he object of all interpretation and construction of rules is to ascertain and effectuate the intention of the Supreme Court." Pa.R.C.P. 127(a). Because Pa.R.C.P. 1042.3(e) does not explicitly state the Supreme Court's intent as to the Rule's application to plaintiff-attorneys, I would look to the explanatory comment quoted *supra*. Pa.R.C.P. 1042.12 cmt.

The explanatory comment explains that Pa.R.C.P. 1042.3 creates a distinction between represented and unrepresented parties because "only an attorney is subject to disciplinary proceedings for abusing the rules of civil procedure governing certificates of merit." Pa.R.C.P. 1042.12 cmt. As Appellant emphasizes, he is a licensed attorney and therefore subject to the disciplinary rules with which the explanatory comment is concerned. Appellant's Brief at 18. It is noteworthy that Appellees also cite the explanatory comment, but they fail to elaborate or explain its significance to their position that Appellant is not an "attorney" within the meaning of Pa.R.C.P. 1042.3(e). Hospital Appellees' Brief at 22; Hart's Brief at 5; Daly and Williams's Brief at 5. Lacking relevant argument to the contrary, I would find that the purpose of the statement-of-reasonable-probability requirement

compels the conclusion that a plaintiff attorney is not required to attach a statement of reasonable probability to a certificate of merit.

Second, I disagree with the trial court's stated justification for its interpretation of Pa.R.C.P. 1042.3(e). In determining that Appellant was required to attach statements of reasonable probability, the trial court based its interpretation of Pa.R.C.P. 1042.3 on the definition of *pro se* in Black's Law Dictionary. Trial Court Opinion, 10/27/16, at 4. To reiterate, the trial court, as support for its position, cited the definition of *pro se* as "[f]or oneself; on one's own behalf; without a lawyer." **Id.** Relying heavily on the "for oneself" clause of the definition, the trial court completely disregarded the "without a lawyer" clause, as well as the assumptions made by Pennsylvania statutes and courts with respect to *pro se* litigants.

*Pro se* litigants are presumed to have no legal training or experience. **See Commonwealth v. Spuck**, 86 A.3d 870, 874 (Pa. Super. 2014) ("Pennsylvania courts endeavor to be fair to *pro se* litigants in light of the challenges they face conforming to practices with which attorneys are far more familiar[.]"); **see also** Pa.R.C.P. 205.5(c) ("The prothonotary shall assist a party appearing *pro se* in the completion of the form."). Additionally, the Pennsylvania Rules of Civil Procedure expect a *pro se* plaintiff to be unencumbered by the rules of discipline. **See** Pa.R.C.P. 233.1 cmt. ("While attorneys are subject to the rules of disciplinary procedure, no analogous rule exists to curb this type of abuse when done by a *pro se* party"). Thus,

construed in light of the general understanding of *pro se* within this Commonwealth, the "without a lawyer" clause of Black's Law Dictionary is better understood to mean that the litigant is without the benefit of an attorney's knowledge and training. Outside the narrow confines of "for oneself," a plaintiff attorney does not fit within the commonly understood definition of *pro se*.

Third, I would find the trial court's conclusion to be inconsistent with the court's treatment of Appellant throughout the course of this litigation and inappropriate in light of the general rule against hybrid representation. Prior to the trial court's conclusion that Appellant was a *pro se* litigant subject to the statement-of-reasonable-probability requirement, Appellant was not treated as a *pro se* party. As Appellant observes in his appellate brief, he did not file the Montgomery County Form for Entry of Appearance as a Self-Represented Party, and he has been referred to as "Esquire" multiple times during this case. Appellant's Brief at 7–11, 16–17; ***see***, ***e.g.***, Order, 11/30/15, at 1, and Order, 12/17/15, at 1. Additionally, Appellant was permitted to file suit as executor of the Estate of Gail Friedman notwithstanding that Pennsylvania law prohibits non-attorneys from representing an estate *pro se*. ***See*** 42 Pa.C.S. § 2521 ("Persons admitted to the bar of the courts of this Commonwealth and to practice law pursuant to general rules shall thereby hold the office of attorney at law."); Pa.B.A.R. 201 ("The following may practice law generally within this Commonwealth: (1)

Persons admitted to the bar pursuant to these rules[ and] (2) Persons heretofore admitted to practice before any court of record of this Commonwealth pursuant to former Supreme Court Rules 8 and 9. . . .”); Pa.B.A.R. 204 (defining the term “practice law,” as used in Pa.B.A.R. 201, to include “[r]epresentation of one or more clients in the private practice of law”); *see also In re Estate of Rowley*, 84 A.3d 337, 340–342 (Pa. Cmwlth. 2013) (“[P]rohibiting a non-attorney from representing an estate is essential to protecting the interests of the public”) (citing *Harkness v. Unemployment Compensation Board of Review*, 920 A.2d 162, 167 (Pa. 2007)).[4]

Additionally, as a general matter, Pennsylvania courts do not permit hybrid representation. *Commonwealth v. Williams*, 151 A.3d 621, 623 (Pa.

_____

[4] Decisions of the Commonwealth Court, while not binding on this Court, nevertheless may serve as persuasive authority. *Joseph v. Glunt*, 96 A.3d 365, 371 (Pa. Super. 2014) (citing *Petow v. Warehime*, 996 A.2d 1083, 1088 n.1 (Pa. Super. 2010)). In the absence of binding precedent to the contrary, I am persuaded by the reasoning of the Commonwealth Court in *Rowley*, 84 A.3d 337.

My reliance on *Rowley* is reinforced by federal decisions reaching the identical conclusion. *See Leary v. UPMC Shadyside*, 2014 WL 4198039, at *1–2 (W.D.Pa. Aug. 22, 2014) (“Pennsylvania substantive law . . . [is] plain that an estate must be represented in court litigation by a lawyer”); *Williams v. USP–Lewisburg*, 2009 WL 4921316, at *2 (M.D.Pa. Dec. 11, 2009) (“To permit an unlicensed lay administrator to appear pro se would be to permit the unauthorized practice of law”), *aff'd* 377 Fed. Appx. 255, 256 (3d. Cir. 2010). Decisions of lower federal courts likewise have persuasive effect on this Court. *Gongloff Contracting, L.L.C. v. L. Robert Kimball & Associates, Architects and Engineers, Inc.*, 119 A.3d 1070, 1078 n.6 (Pa. Super. 2015) (citing *In re Stevenson*, 40 A.3d 1212, 1222 (Pa. 2012)).

Super. 2016). Although the typical factual circumstances of hybrid representation, *e.g.*, a represented party bypassing counsel and filing directly with the court, are not present here, the substantive prohibition of hybrid representation holds that a litigant cannot be both *pro se* and represented by counsel. Given the stated purpose of Pa.R.C.P. 1042.3(e), in conjunction with the meaning of *pro se* in Pennsylvania, I conceive of no viable reason why Appellant should be subject to the statement-of-reasonable-probability requirement, but not the other requirements of *pro se* litigants.

Additionally, I would reject Appellees' reliance on **Womer**, 908 A.2d 269, in support of the trial court's interpretation of Pa.R.C.P. 1042.3. Hospital Appellees' Brief at 21; Hart's Brief at 7–10; Daly and Williams's Brief at 7–10; Gould's Brief at 12–13. In **Womer**, our Supreme Court held that a complete failure to file a certificate of merit with the trial court did not constitute "substantial compliance" with Pa.R.C.P. 1042.3 and affirmed the trial court's denial of a motion to open entry of judgment *non pros*. **Womer**, 908 A.2d at 279–280. In reaching this decision, the High Court discussed the purpose of the certificate-of-merit requirement, observing that certificates of merit "identify and weed non-meritorious malpractice claims from the judicial system efficiently and promptly." **Id.** at 275. Here, Appellant has filed a certificate of merit with the trial court. Appellees' repeated reference to the purpose of the certificate-of-merit requirement, as stated in **Womer**, is not relevant to the interpretation of Pa.R.C.P. 1042.3. I do not question the

wisdom of Pa.R.C.P. 1042.3, but rather, its applicability to a plaintiff attorney who may be disciplined for filing frivolous professional liability actions.

Finally, in response to Appellee Dr. Gould's argument that the statement-of-reasonable-probability requirement is within the trial court's discretion, Gould's Brief at 16–21, I note the plain language of Pa.R.C.P. 1042.3(e). Because Pa.R.C.P. 1042.3(e) states the condition precedent for a statement of reasonable probability in unambiguous terms, I would reject Appellee Gould's assertion that Pa.R.C.P. 1042.3(e) vests the trial court with the discretion to require an attached statement of reasonable probability where the certificate of merit is signed by an attorney. Pa.R.C.P. 1042.3(e). Moreover, I observe that Appellee Gould cites no apposite precedent to support his claim that the trial court may require a statement of reasonable probability as a means of sanctioning a party who is not otherwise required to file one.

Therefore, I would hold that this Court has jurisdiction of this matter by virtue of the collateral-order doctrine. Moreover, regarding the merits, I would conclude that a plaintiff who is a licensed attorney is an "attorney" for purposes of Pa.R.C.P. 1042.3. Further, I would determine that such disposition necessarily precludes the need to address Appellees' attack on Dr. Liefer's qualifications. Thus, I would reverse the common pleas court's order and remand.