**COMMONWEALTH of Pennsylvania,**
**Appellant,**

v.

**Gilbert Jeffrey STEVENSON,**
**Jr., Appellee.**

Superior Court of Pennsylvania.

Argued Jan. 14, 2003.
Filed July 17, 2003.

Ted McKnight, Asst. Dist. Atty., Lock Haven, for Com., appellant.

Frank S. Miceli, Lock Haven, for appellee.

Before: STEVENS, OLSZEWSKI, and POPOVICH, JJ.

STEVENS, J.

¶ 1 The Commonwealth appeals the order entered by the Court of Common Pleas of Clinton County on June 10, 2002, denying the Commonwealth's motion for recusal. We reverse and remand to the trial court for proceedings consistent with this decision.

¶ 2 On March 2, 2002, Defendant Stevenson was charged with one (1) count of fleeing or attempting to allude a police officer, three (3) counts of recklessly endangering another person, one (1) count of driving while operating privilege is suspended or revoked/DUI related, and various summary traffic offenses. At Defendant's May 20, 2002 arraignment, the Honorable J. Michael Williamson, who presided over the matter, stated, *inter alia*, the following:

> This Court is aware that [Defendant] Mr. Stevenson is involved in a group of people who have had contact by the Federal Bureau of Investigation, the Office of the Attorney General, the Drug Task Forces involved in the tri-county area, and various other agencies attempting to enter into deals with those defendants who provide information

about this Judge and various criminal activities that the Federal Bureau of Investigation apparently feels I'm involved in.

I make that statement because it seems to me that both the Commonwealth and the Defendant should be given an opportunity to ask me to recuse myself; the Commonwealth because, frankly, I have some personal concerns with regard to my involvement in Criminal cases in the future in which confidential informants or people who are cooperating with the government are involved because I am aware that I am not involved in any criminal activities and I continue to be appalled and affronted by the actions of the Federal Bureau of Investigation in conducting this witch hunt.

On the other hand, the Defendant, I think, has a right for recusal because the Defendant may very well feel that I am compelled to treat him more harshly than I would ordinarily in order to convince these authorities that I am not, in fact, involved with either this Defendant or in criminal activities.

N.T. 5/20/02.

¶ 3 When questioned by the court as to whether the parties wanted the case transferred to another judge, both declined. Thereafter, however, by motion filed June 7, 2002, the Commonwealth sought recusal of Judge Williamson from Mr. Stevenson's case.[1] The court denied the motion on June 10, 2002. The Commonwealth then filed the present appeal.

¶ 4 Herein, the Commonwealth sets forth two claims for review. First, it con-tends that the court erred in denying the motion for recusal. Next, it argues that Judge Williamson should be recused from all criminal matters as a result of his perceived prejudice.

¶ 5 The initial question before us is whether the order from which the Commonwealth seeks review is appealable. The Commonwealth argues that it is appealable and invokes Pa.R.A.P. 311(d) and Pa.R.A.P. 313 in support thereof.[2]

¶ 6 Turning first to Rule 311(d), this rules state as follows:

(d) **Commonwealth Appeals in Criminal Cases.** In a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution.

Pa.R.A.P. 311(d).

¶ 7 With regard to Rule 311(d), the Commonwealth contends that "there are grave questions about the integrity of the process, and as a result, the prosecution of [Defendant's] case is substantially handicapped." Response filed 7/24/02. In the recent opinion of this Court in *Commonwealth v. White*, 818 A.2d 555 (Pa.Super.2003) this Court determined whether the Commonwealth may appeal, as of right, a pretrial order denying recusal. The Court held as follows: "We decline to expand Rule 311(d) to include an appeal from an order denying recusal. We find that such an order is beyond the scope of Rule 311(d) and, therefore, is not appeal-

---

1. We note that Defendant Stevenson has filed a brief in which he states, *inter alia,* that he joins in the Commonwealth's motion for recusal, and does not oppose the recusal of Judge Williamson.

2. By *per curiam* Order issued July 16, 2002, this Court directed the Commonwealth to show cause why the present appeal should not be quashed as taken from an unappealable, interlocutory order. Such response was filed on July 24, 2002.

able as of right." *Id.* at 559 (footnote omitted).[3] As such, the Commonwealth's claim premised on this Rule is without merit.

¶ 8 As to the second rule upon which the Commonwealth's appeal is premised, Rule 313, this Rule provides as follows:

(a) **General Rule.** An appeal may be taken as of right from a collateral order of an administrative agency or lower court.

(b) **Definition.** A collateral order is an order separable from and collateral to the main cause of action where the right involved is too important to be denied review and the question presented is such that if review is postponed until final judgment in the case, the claim will be irreparably lost.

Pa.R.A.P. 313.

¶ 9 This Court has held that orders denying a motion for recusal are not collateral and, therefore, are not immediately appealable. *Krieg v. Krieg,* 743 A.2d 509 (Pa.Super.1999); *Kenis v. Perini Corporation,* 452 Pa.Super. 634, 682 A.2d 845 (1996). However, cases that have held as such are factually distinguishable in that the party seeking recusal was not denied the right of appeal following disposition of the case. In the present case, however, as argued by the Commonwealth, it "will be precluded on double jeopardy grounds from seeking review of Its Motion for Recusal if the defendant is acquitted." Response filed 7/24/02.

█ ¶ 10 "Double jeopardy protections afforded by the United States and Pennsylvania constitutions are coextensive and prohibit repeated prosecutions for the same offense." *Commonwealth v. Lively,* 530 Pa. 464, 467, 610 A.2d 7, 8 (1992)

(citations omitted). If a former prosecution results in either acquittal or conviction, statutory law explicitly precludes the Commonwealth from trying a defendant a second time. *Commonwealth v. Bracalielly,* 540 Pa. 460, 470, 658 A.2d 755, 760 (1995) (*citing* 18 Pa.C.S.A. § 110). Thus, if the Commonwealth loses in a case, double jeopardy considerations preclude appeal. In contrast, a defendant convicted under an erroneous pre-trial ruling retains the right to cure the defect on appeal.

█ ¶ 11 Consequently, in the case *sub judice,* we find that the order denying the Commonwealth's motion for recusal is appealable under Rule 313. Thus, we will review the motion and the determination rendered by the trial court thereon.

█ ¶ 12 The Supreme Court has held that:

It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially. As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and

---

**3.** We note that in *White,* this Court did not address whether an order pertaining to recu-

sal is appealable under Rule 313.

without prejudice, that decision will not be overturned on appeal but for an abuse of discretion.

*Commonwealth v. Abu–Jamal,* 553 Pa. 485, 507, 720 A.2d 79, 89 (1998) (internal citations omitted). The inquiry is not whether a jurist was in fact biased against a party, but whether, even if actual bias or prejudice is lacking, the conduct or statement of the court raises "an appearance of impropriety." *In the Interest of McFall,* 533 Pa. 24, 34, 617 A.2d 707, 712 (1992). The rule is simply that "disqualification of a judge is mandated whenever 'a significant minority of the lay community could reasonably question the court's impartiality.'" *Commonwealth v. Bryant,* 328 Pa.Super. 1, 476 A.2d 422, 425 (1984) (citations omitted). *See also* Code of Judicial Conduct Canon 3(C) ("A judge should disqualify himself in a proceeding in which his impartiality might reasonably be questioned").

¶ 13 Herein, in arguing that a reasonable question concerning Judge Williamson's impartiality was raised at Defendant Stevenson's arraignment, the Commonwealth cites to Judge Williamson's statement that, "I have some personal concerns with regard to my involvement in criminal cases in the future in which confidential informants or people who are cooperating with the government are involved...." N.T. 5/20/02. The Commonwealth adds that:

> When a judge of a Court of Common Pleas in open court and on the record makes a statement in a criminal matter that the judge himself is under investigation by the Federal Bureau of Investigation, the office of Attorney General, and other local law enforcement agencies, and then proceeds to invite a motion for recusal by both the Commonwealth and the defendant, that judge has raised at the very least the perception, if

not an actual, prejudice and has certainly created a doubt as to his ability to preside impartially.

Brief of Appellant at 7.

¶ 14 We find that Judge Williamson's statement that he has personal concerns with regard to his involvement in criminal cases that involve confidential informants or people cooperating with the government raises both "doubt as to [Judge Williamson's] ability to preside impartially," *Abu–Jamal, supra,* and an "appearance of impropriety." *McFall, supra.* Thus, the court abused its discretion in denying the Commonwealth's motion for recusal. Consequently, we reverse the court's order, and remand to the trial court for further proceedings regarding Mr. Stevenson's case.

¶ 15 As to the Commonwealth's second contention, based on the aforesaid comments of Judge Williamson, we hold he should be recused from all criminal matters concerning Mr. Stevenson; however, we do not extend this holding to all other criminal matters in which no evidence indicating Judge Williamson's bias or unfairness has been presented.

¶ 16 Based on the foregoing, we reverse and remand for further proceedings.

¶ 17 Reversed and Remanded to the Trial Court; Jurisdiction Relinquished.