**COMMONWEALTH of Pennsylvania, Appellee,**

v.

**Steven A. SMITH, Appellant.**

Superior Court of Pennsylvania.

Submitted July 28, 2003.
Filed Oct. 23, 2003.

James R. Protasio, South Williamsport, for appellant.

Charles R. Hardaway, II, Assistant District Attorney, Williamsport, for Com., appellee.

Before: MUSMANNO, TODD, and POPOVICH, JJ.

1. 18 Pa.C.S.A. § 2705.

TODD, J.

¶ 1 Steven A. Smith appeals the November 26, 2002 judgment of sentence imposed by the Lycoming County Court of Common Pleas after he was convicted of reckless endangerment.[1] We affirm.

¶ 2 The facts necessary to our disposition of the instant case are as follows: Appellant was represented at his preliminary hearing by Donald F. Martino, Esquire, an assistant public defender with the Lycoming County Public Defender's Office. Subsequent to Appellant's preliminary hearing, at which he pled not guilty to the offenses with which he was charged, Attorney Martino transferred from the Public Defender's Office to the Lycoming County District Attorney's Office, which was prosecuting the Commonwealth's case against Appellant. Prior to trial, Appellant filed a motion to have the entire District Attorney's Office disqualified from prosecuting his case. A hearing on Appellant's motion was conducted on September 26, 2002, and Appellant's motion was denied the same day.

¶ 3 At one point during Appellant's trial, Appellant was being escorted from the courtroom by sheriff's deputies, and several jurors were in the hallway. As a result, Appellant requested a mistrial. The trial court denied Appellant's request, and following his conviction for reckless endangerment, sentenced Appellant to 11 to 24 months incarceration. This appeal followed, in which Appellant presents the following questions for our review:

1. Whether the [trial] court erred in denying the Motion to Recuse or Disqualify the District Attorney's Office where the Appellant was initially represented by an Assistant Public Defender who then transferred to the District Attorney's Office?

2. Whether the [trial] court erred in denying the requested mistrial where members of the jury saw the Appellant outside of the courtroom being escorted by Sheriff's deputies?

(Appellant's Brief at 3.)

¶ 4 With regard to Appellant's first issue, we note that this Court previously has explained:

> [w]here a lawyer who has represented a criminal defendant joins a prosecutor's office, disqualification of the entire office is not necessarily appropriate. That lawyer is of course disqualified from participating in the case on behalf of the prosecution. *But individual rather than vicarious disqualification is the general rule.*

*Commonwealth v. Miller*, 281 Pa.Super. 392, 400, 422 A.2d 525, 529 (1980) (citations omitted) (emphasis original).

¶ 5 Appellant has not provided any evidence to suggest that an exception to the general rule is appropriate in the instant case, and Appellant does not allege that Attorney Martino participated in the prosecution of his case. Moreover, the trial court, in its opinion written pursuant to Rule 1925(a) of the Pennsylvania Rules of Appellate Procedure, noted that Attorney Martino testified that he had "no communication whatsoever concerning the case with anyone in the District Attorney's Office." (Trial Court Opinion, 2/18/03, at 1.) We therefore conclude that the trial court properly denied Appellant's motion for disqualification of the District Attorney's Office.

¶ 6 Next, Appellant contends that the trial court erred in denying his request for a mistrial. Appellant properly concedes that under the law of this Commonwealth, "[a] brief accidental sighting of a defendant in custodial trappings, without more, is not so inherently prejudicial as to significantly impair the presumption of innocence to which the defendant is entitled." (Appellant's Brief at 8 (quoting *Commonwealth v. Neary*, 355 Pa.Super. 92, 512 A.2d 1226 (1986)).) Appellant argues, however, that the instant case is distinguishable, and compels a different result, because one or more of the jurors may have overheard one of the deputies, who was near the courtroom door, ask defense counsel if he would come upstairs because "he wants to talk to you." (N.T. Hearing, 10/11/02, at 2.) Appellant argues that the jurors could not have drawn any inference from this statement other than that Appellant was in the custody of the deputies, thereby prejudicing him.

¶ 7 In explaining its reasons for denying Appellant's motion for a mistrial, the trial court opined that "the statement about coming upstairs is insufficient to imply incarceration or create prejudice." (Trial Court Opinion, 2/18/02, at 2.) We agree. Indeed, the pronoun "he" used by the deputy could have referred to anyone, not necessarily Appellant. Furthermore, even if the jurors assumed that the deputy was talking about Appellant, the fact that Appellant wanted to speak with his attorney in no way suggests that Appellant was incarcerated. Accordingly, the trial court's denial of Appellant's motion for a mistrial was proper. Having found no merit to either of Appellant's arguments, we affirm his judgment of sentence.

¶ 8 Judgment of sentence **AFFIRMED.**