J-A09022-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| GEORGE MELETICHE, | |
| Appellant | No. 875 MDA 2016 |

Appeal from the Order Entered April 29, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0004403-2015

BEFORE: SHOGAN, OTT, and STABILE, JJ.

MEMORANDUM BY SHOGAN, J.:         **FILED MARCH 28, 2017**

Appellant, George Meletiche, appeals form the order denying his motion to disqualify John T. Adams, District Attorney for Berks County, and the entire Berks County District Attorney's ("D.A.'s") office from his prosecution. After careful review, we are constrained to quash this appeal.

Appellant was charged with the offenses of corrupt organizations,[1] possession with intent to deliver controlled substances[2] and multiple related offenses,[3] including criminal conspiracy to commit the foregoing. Appellant

---

[1] 18 Pa.C.S. § 911(b)(1).

[2] 35 P.S. 780-113(a)(30).

[3] The criminal information included 108 counts. Information, 9/18/15, at 1-15.

subsequently filed a motion seeking the disqualification of District Attorney John T. Adams and his entire staff. Appellant's Pre-Trial Motion to Disqualify Berks County District Attorney's Office, 3/2/16, at 1-2.

Following a hearing, the trial court issued an order on April 29, 2016, denying Appellant's motion. Appellant filed a notice of appeal from this order as a collateral order pursuant to Pa.R.A.P. 313, on May 26, 2016. On May 27, 2016, the trial court issued an order denying Appellant's application for certification of an interlocutory appeal by permission. The trial court and Appellant complied with Pa.R.A.P. 1925.

On June 13, 2016, this Court issued to Appellant a rule to show cause how the appeal satisfies the requirements of Pa.R.A.P. 313. Appellant filed a response. This Court filed an order on July 7, 2016, discharging the rule to show cause and deferring the issue to the merits panel.

On appeal, Appellant presents the following issues:

a) Whether John T. Adams, the current Berks County District attorney, should be disqualified from prosecuting [Appellant], his former client, pursuant to **Pa.R.P.C. 1.9, entitled *Duties to Former Clients***, which declares: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client . . . .". ([Appellant's] prior case included a felony gun charge, as does the instant matter.)

b) Whether the Office of the District Attorney, headed by John T. Adams, the current Berks County District attorney, should be disqualified from prosecuting [Appellant] his former client, pursuant to **Pa.R.P.C. 1.9, entitled *Duties to Former Clients***, which declares: "A lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the

same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client . . . ." ([Appellant's] prior case included a felony gun charge, as does the instant matter.)

c) Whether John T. Adams, the current Berks County District attorney, and his Office [should] be conflicted out of the prosecution of former client, [Appellant], should said criminal case be referred to the Office of the Attorney General?

Appellant's Brief at 4 (emphasis in original).

Before addressing the merits of Appellant's claims, we must first consider whether this appeal is properly before us.

With limited exceptions, Pennsylvania law permits only appeals from final orders. *See* Pa.R.A.P. 341 ("An appeal may be taken as of right from any final order."). Final orders are those that dispose of all claims and all parties, are explicitly defined as final orders by statute, or are certified as final orders by the trial court or other reviewing body. However, Pennsylvania Rule of Appellate Procedure 313(b) permits a party to take an immediate appeal as of right from an otherwise unappealable interlocutory order if the order meets three requirements: (1) the order must be separable from, and collateral to, the main cause of action; (2) the right involved must be too important to be denied review; and (3) the question presented must be such that if review is postponed until after final judgment, the claim will be irreparably lost. Pa.R.A.P. 313(b). All three prongs of Rule 313(b) must be met before an order may be subject to a collateral appeal; otherwise, the appellate court lacks jurisdiction over the appeal.

*Commonwealth v. Sabula*, 46 A.3d 1287, 1291 (Pa. Super. 2012) (quoting *Commonwealth v. Harris*, 32 A.3d 243, 248 (Pa. 2011)). We have described the third requirement for qualification as a collateral order as follows:

To satisfy this element, an issue must actually be lost if review is postponed. Orders that make a trial inconvenient for one party

- 3 -

or introduce potential inefficiencies, including post-trial appeals of orders and subsequent retrials, are not considered as irreparably lost. An interest or issue must actually disappear due to the processes of trial.

*Sabula*, 46 A.3d at 1293. Additionally, "we construe the collateral order doctrine narrowly. In adopting a narrow construction, we endeavor to avoid piecemeal determinations and the consequent protraction of litigation." *Id.* at 1291.

We cannot agree with Appellant's assertion that the April 29, 2016 order denying Appellant's motion to disqualify John T. Adams and the Berks County District Attorney's Office constitutes a collateral order. Specifically, the order fails to meet the third prong of the definition of a collateral order pursuant to Pa.R.A.P. 313. Appellant's claim that Attorney John T. Adams and/or the Berks County District Attorney's Office should be disqualified due to Adams's previous representation of Appellant will not be irreparably lost if not immediately reviewed as a collateral order. Should judgment of sentence be entered against Appellant, the question of Adams's and the D.A.'s office's disqualification could then be considered, and if required, a new trial could be ordered. *See Commonwealth v. Smith*, 835 A.2d 399 (Pa. Super. 2003)(the trial court denied the appellant's pretrial motion to disqualify the District Attorney's office from prosecuting his case; this Court reviewed the trial court's ruling on the pretrial motion on appeal following trial and the entry of judgment of sentence against the appellant); *see also Commonwealth v. Breighner*, 684 A.2d 143 (Pa. Super. 1996) (*en banc*)

(where this Court found conflict on part of prosecution on appeal following trial and entry of judgment of sentence, and the appellant had filed a pre-trial motion to disqualify prosecutor, judgment of sentence was vacated and the matter was remanded so that it could be referred to the Attorney General for retrial). The fact that this process may be inconvenient, or introduce potential inefficiencies does not result in the issue being irreparably lost. **Sabula**, 46 A.3d at 1292.

Moreover, "[t]his Court has held that orders denying a motion for recusal are not collateral and, therefore, are not immediately appealable." **Commonwealth v. Stevenson**, 829 A.2d 701, 704 (Pa. Super. 2003) (quoting **Krieg v. Krieg**, 743 A.2d 509 (Pa. Super. 1999); **Kenis v. Perini Corporation**, 682 A.2d 845 (Pa. Super. 1996)). **Cf. Stevenson**, 829 A.2d at 704 (order denying Commonwealth's motion for recusal is appealable under Pa.R.A.P. 313 because the Commonwealth would be precluded on double jeopardy grounds from seeking review of its motion for recusal if the defendant was acquitted). Here, Appellant will not be divested of his appeal rights if he is convicted, and therefore his claim will not be irreparably lost. **Smith**, 835 A.2d at 401; **Breighner**, 684 A.2d at 143.

We conclude that the April 29, 2016 order is interlocutory and not a collateral order that is immediately appealable. Thus, we are constrained to quash this appeal.

Appeal quashed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>3/28/2017</u>