J-S10041-26

2026 PA Super 109

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL T. MARTIN JR. | : | No. 1465 MDA 2025 |
| | : | |

Appeal from the Order Entered October 3, 2025
In the Court of Common Pleas of Franklin County Criminal Division at
No(s): CP-28-CR-0002065-2019

BEFORE: DUBOW, J., BECK, J., and BENDER, P.J.E.

OPINION BY BENDER, P.J.E.:                                        **FILED: MAY 28, 2026**

The Commonwealth of Pennsylvania appeals from the order denying its

Motion for Recusal of the trial judge, the Honorable Todd M. Sponseller.[1] After

careful review, we reverse.

This matter centers on the trial court's May 13, 2022 post-trial order

(May 13, 2022 Order) and accompanying opinion (May 13, 2022 Opinion)

addressing the jury's conviction of Appellee, Michael T. Martin, Jr., of various

sexual offenses involving J.K., a minor. The May 13, 2022 Order stated:

> IT IS HEREBY ORDERED, for the reasons fully set forth in
> the attached [May 13, 2022 Opinion], the following:

---

[1] The Commonwealth certified in its Notice of Appeal that the order substantially handicaps the prosecution. Notice of Appeal, 10/22/25. Thus, the Commonwealth is entitled to an interlocutory appeal as of right pursuant to Pa.R.A.P. 311(d). ***See Commonwealth v. White***, 910 A.2d 648, 655 (Pa. 2006).

1. [Appellee's] Motion Alleging Verdict was Against the Sufficiency of the Evidence is GRANTED.

2. [Appellee's] Motion Alleging Verdict was Against the Weight of the Evidence is GRANTED.

3. The jury's verdict in this case, entered on August 31, 2021, is VACATED with prejudice such that [Appellee] is hereby exonerated as if the jury had rendered a 'not guilty' verdict.

4. The Pennsylvania Department of Corrections, specifically at SCI – Coal Township [-] is directed to immediately discharge [Appellee] from custody.

May 13, 2022 Order, 5/13/22, at 1.

The Commonwealth appealed and protracted litigation followed. On direct appeal, a panel of this Court, over this author's dissent, reversed the trial court's order on both points. *See Commonwealth v. Martin*, 297 A.3d 424 (Pa. Super. 2023) (*Martin I*). Appellee sought review with our Supreme Court, which then directed this Court to "review the challenge to the trial court's order under the appropriate appellate standard of review." *Commonwealth v. Martin*, 317 A.3d 528 (Pa. 2024) (*per curiam*). On remand, we determined that the trial evidence was sufficient to support the jury's guilty verdict; reversed the May 13, 2022 Order granting Appellee's discharge from incarceration; found that the trial court did not abuse its discretion in determining that the weight of the evidence did not support the

verdict; and remanded the case for a new trial. **_Commonwealth v. Martin_**, 323 A.3d 807, 810 (Pa. Super. 2024) (_per curiam_) (**_Martin II_**).[2]

Once all avenues of appeal were exhausted,[3] the matter returned to the Court of Common Pleas. The trial court held a status conference on July 28, 2025. The Commonwealth asked "that the case be reassigned to another judge and that it be listed for call with that judge." N.T., 7/28/25, at 5. The trial court replied, "And the reason for that is bias?" **_Id._** The Commonwealth answered, "Yes, Your Honor. You authored an opinion that the victim was not credible at trial. So I don't believe, moving forward, it would be appropriate

_____

[2] This author filed a concurring opinion in **_Martin II_**, stating that the opinion _per curiam_ should have been limited to the weight of the evidence issue.

> In my view, this Court should have limited its review on remand to the trial court's decision to grant a new trial based on the weight of the evidence. Appellee's petition for allowance of appeal shows that he did not seek review of any other issue with our Supreme Court. Moreover, the Supreme Court only vacated this Court's decision [in **_Martin I_**] to the extent it reversed the trial court's grant of the motion for a new trial based on the weight of the evidence. Thus, this Court's prior decision — as it relates to issues other than weight — remains good law. In my opinion, reexamining the other issues at this juncture is improper as our review of them does not serve judicial economy, the expectations of the parties, or the interest of achieving finality in litigation. **_Cf_**. **_Commonwealth v. Starr_**, 541 Pa. 564, 664 A.2d 1326, 1331 (1995) (identifying the considerations underlying the law of the case doctrine).

**_Martin II_** (Bender, J., concurring) at 827-828 (footnotes omitted).

[3] Appellee filed a petition for allowance of appeal of **_Martin II_** with our Supreme Court, which was denied. **_Commonwealth v. Martin_**, 336 A.3d 248 (Pa. 2025) (_per curium_).

for Your Honor to remain assigned to the case." *Id*. (certain punctuation revised). The Commonwealth subsequently filed a formal motion for recusal under seal on September 12, 2025, alleging that the May 13, 2022 Opinion "provide[s] the means for a reasonable observer to question [the trial court's] impartiality." Motion for Recusal, 9/12/25, at ¶ 23.

The trial court denied the motion on October 3, 2025, and the Commonwealth timely appealed to this Court. Both the Commonwealth and the trial court have complied with Pa.R.A.P. 1925, and we now review the sole issue raised on appeal: "Whether the trial court erred when it denied the Commonwealth's motion for recusal for re-trial after the trial court declared, in writing, that [Appellee] is factually innocent of the underlying charges?" Commonwealth's Brief at 4.

Our standard of review of the denial of a motion to recuse is for an abuse of discretion. *Lomas v. Kravitz*, 170 A.3d 380, 389 (Pa. 2017). The standards for recusal take into account a subjective determination of the trial court regarding its ability to preside impartially and an objective, community-based determination of the trial court that its involvement would not create the appearance of impropriety.

> The standards for recusal are well established. It is the burden of the party requesting recusal to produce evidence establishing bias, prejudice or unfairness which raises a substantial doubt as to the jurist's ability to preside impartially. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome. The jurist must then consider whether his or her continued

involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary. This is a personal and unreviewable decision that only the jurist can make. Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion. In reviewing a denial of a disqualification motion, we recognize that our judges are honorable, fair and competent.

***Commonwealth v. Dip***, 221 A.3d 201, 206 (Pa. Super. 2019) (quoting

***Commonwealth v. Abu-Jamal***, 720 A.2d 79, 89 (Pa. 1998)).

[W]e assume that a jurist will possess interests and relationships that might conceivably influence their judgment but, in the normal course of events, the mere presence of an interest or relationship that could theoretically affect a judicial decision does not create a presumption of partiality.

Rather, "[r]ecusal is required wherever there is **substantial doubt** as to the jurist's ability to preside impartially." ***In the Interest of McFall***, 533 Pa. 24, 617 A.2d 707, 713 (1992) (emphasis added). "A jurist's impartiality is called into question whenever there are factors or circumstances that may reasonably question the jurist's impartiality in the matter." ***Id.*** Thus, "[i]n order for the integrity of the judiciary to be compromised, we have held that a judge's behavior is not required to rise to a level of actual prejudice, but the appearance of impropriety is sufficient." ***Id.*** at 712. In this regard, the appearance of impropriety sufficient to disqualify a judge exists when "a significant minority of the lay community could reasonably question the court's impartiality." ***Commonwealth v. Bryant***, 476 A.2d 422, 426 (1984) (quoting ***Commonwealth v. Darush***, 501 Pa. 15, 459 A.2d 727, 732 (1983)).

***Dip*** at 206-07.

The Commonwealth stresses that the May 13, 2022 Opinion made several references to the ultimate legal question of whether Appellant was innocent, as follows:

- First, the trial court indicated that it was "convinced of [Appellee's] innocence without relying merely on J.K.'s credibility as a witness." May 13, 2022 Opinion at 35.

- Second, the trial court stated that the "weight of the evidence in this case is not only against a guilty verdict, it is overwhelmingly in *favor* of a finding of innocence." **Id**. (emphasis in original).

- Third, the trial court further declared that it had "been convinced beyond a reasonable doubt that [Appellee] is, in fact, *innocent* of the charges for which he was convicted." **Id**. at 36 (emphasis in original).

- Fourth, the trial court explicitly stated that its conscience was "burdened by [its] fervent belief that in this case, [Appellee] is indeed *actually innocent*." **Id**. (emphasis in original).

- The trial court provided a fifth reference to its belief that [Appellee] is factually innocent near the conclusion of [the May 13, 2022 Opinion]: "Even more, perhaps, than our own belief in [Appellee's] innocence, because we are fervently aware of our position to govern the law in this case, not the facts." **See id**. at 48.

- Finally, the trial court further noted that it "wholeheartedly expected the jury to render a 'not guilty' verdict in this case[,]" and it described the proceedings as of May 13, 2022 as a "grave miscarriage of justice that resulted in an innocent man being imprisoned for nearly six months." **Id**. at 49.

Commonwealth's Brief at 17-18.

The trial court stated in its Rule 1925(a) opinion that it could manage

the case on remand in a fair and impartial manner:

We do not find that our comments in the [May 22, 2022 Opinion] granting [Appellee's] post sentence motion attacking the weight of the evidence creates the appearance of impropriety or undermine public confidence in the judiciary. We do find[,] however[,] that we can assess the case impartially and without bias and that we have no personal interest in its outcome. We are aware that where a judge determines that he can hear and dispose

of a case fairly and without prejudice, that decision will not be overruled on appeal absent an abuse of discretion.

Trial Court Opinion, 11/18/25 at 5-6.

The Commonwealth does not claim that the trial court is biased in favor of Appellee or prejudiced against the Commonwealth: "[N]or did the Commonwealth file the underly [sic] motion for recusal as a deprecatory characterization of bias or prejudice on the part of the trial court." Commonwealth's Brief at 21. Instead, the Commonwealth claims that "[b]ecause the trial court went beyond the standard for weight-of-the-evidence and declared Appellee to be factually innocent six times in [the May 13, 2022 Opinion and May 13, 2022 Order], a significant minority of the lay community could reasonably question the trial court's impartiality." Commonwealth's Brief at 22.

We agree with the Commonwealth. We deem it significant that the trial court coupled its legal ruling exonerating Appellee based on insufficiency of evidence with numerous comments in the May 13, 2022 Opinion expounding on Appellee's innocence. *See **Commonwealth v. Stevenson***, 829 A.2d 701, 705 (Pa. 2003) ("The inquiry is not whether a jurist was in fact biased against a party, but whether, even if actual bias or prejudice is lacking, the conduct or **statement of the court** raises 'an appearance of impropriety.'") (citation omitted) (emphasis added). Like the Commonwealth, we emphasize that we have no reason to think that the trial court is actually biased, and we acknowledge that the matter is currently set for jury trial and, should that remain the posture of this case, the trial court would not be called upon to

- 7 -

make factual findings. Additionally, we agree with the Commonwealth that it is not the fact that the trial court "held that Appellee was entitled to relief" that forms the basis for recusal. Commonwealth's Brief at 21. Rather, it is the trial court's comments in support of its ruling, when paired with its conclusion that Appellee was entitled to complete discharge, that forms our legal conclusion that "a significant minority of the lay community could reasonably question the trial court's impartiality" on retrial. *Dip*, 221 A.3d at 207 (quotation marks and citation omitted). The trial court determined that Appellee was entitled to complete discharge and therefore reached the legal conclusion that this retrial should simply not occur at all. Accordingly, we are constrained to conclude that the trial court abused its discretion by denying the Commonwealth's motion.

We reverse the trial court's order denying the Commonwealth's Motion for Recusal, and remand for the appointment of another jurist to preside over Appellee's retrial.

Order reversed. Case remanded. Jurisdiction relinquished.
Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/28/2026